### CAMPBELL v. JOHNSON.

Though, in an action on a liquor dealer's bond by a wife for injury to her means of support because of the drunkenness of her husband, it is perhaps impossible to show in most instances any exact or specific amount of damage to the wife's means of support, this does not relieve her of the necessity of placing before the jury some facts or evidence from which they may estimate the damage.

Evidence in an action on a liquor dealer's bond by a wife **held** insufficient to show that she had sustained any injury to her means of support.

(Opinion filed, May 24, 1910.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Ida Campbell against Just Johnson, impleaded with another. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and a new trial ordered.

*Joe Kirby,* for apellant. *S. H. Wright,* for respondent.

SMITH, J. This is an appeal from the circuit court of Minnehaha county. Plaintiff, Ida Campbell, brought an action in said court, alleging in her complaint that the defendant, Just Johnson, was a duly licensed vendor at retail of spirituous, malt,

brewed, fremented, and vinous liquors in the city of 'Sioux Falls, and that defendant, Just Johnson, as principal, and the Western Surety Company, as surety, made, executed, and delivered to the county treasurer of said county a bond as provided by law; that Neal Campbell, husband of plaintiff, was and is a person in the habit of becoming intoxicated, and that the defendant, Johnson, his agents, servants and employes, sold and gave to the said Neal Campbell spirituous and intoxicating liquors well knowing that said named Campbell was a person in the habit of becoming intoxicated, and that by reason of the use of such liquor the said Neal Campbell was kept in a practically continuous state of intoxication, and was rendered inebriate and became incapable of tending to his business and supporting the plaintiff as he could and would otherwise have done; that the said Neal Campbell during all of the said time was a private and public contractor, and was successful when sober and capable of earning large sums of money, and of supporting and maintaining the plaintiff in a respectable and becoming manner, but that by reason of his said intoxication induced by intoxicating liquor sold, given, and furnished him by the said Just Johnson, his agents, servants, and employes, the said Neal Campbell was for a long time prior and at all times subsequent to September 4, 1908, rendered incapable of carrying on and continuing his said business, and thereby rendered incapable of supporting the plaintiff, and the little money he could earn therein was squandered in drunkenness and carousing by the said Johnson, and not used for the support and maintenance of this plaintiff. The answer admits that the defendant, Johnson, is a duly licensed vendor of intoxicating liquors, and that the Western Surety Company is bondsman, and denies all the other allegations of the complaint.

A jury trial resulted in a verdict for the plaintiff, and, a motion for a new trial being overruled, defendant brings the action to this court for review. Numerous assignments of error are made, most of which relate to alleged errors at the trial in rulings upon the admissibility of evidence, but, in the view we take of this case, it is unnecessary to review these rulings, as the

same questions may not arise upon a new trial. The plaintiff and Eugene Riley were called as witnesses on the part of plaintiff. The testimony of the witness Riley related solely to the service of a black list notice at the defendant's saloon. At the close of plaintiff's evidence, the defendant moved the court to return a verdict in their favor for the reason: "Third, that there is no evidence on which the jury could base any intelligent verdict as to damages, if any, to the plaintiff's means of support by reason of such sale, and that there is an absolute lack of evidence showing any depreciation or deterioration in the earning capacity of the plaintiff's husband, by reason of the alleged transaction set forth in the complaint on the part of plaintiff," together with other grounds which need not be noticed here. The question of the insufficiency of the plaintiff's evidence to sustain a verdict is properly raised by assignment of error, namely: "The only claim of the plaintiff under her pleading to damages is alleged therein as damages to her means of support, and there is no evidence whatever in the case which legitimately tends to show that the said plaintiff suffered any damage to her means of supoprt by reason of any act of the defendant, Just Johnson." Upon this assignment of error, it becomes obligatory upon us to examine the sufficiency of the evidence to show the amount of damage to the plaintiff's means of support. We have carefully read the evidence, and particularly that portion of it relating to the question of plaintiff's injury to her means of support. The entire evidence in the record upon that subject is contained in the following excerpts taken from the record, which are a part of the testimony of the plaintiff herself: "I am the wife of Neal Campbell. Neal Campbell is engaged in contracting, grading and excavating and has been so engaged for about 10 years. Q. How long had Mr. Campbell been in the habit of getting intoxicated? A. About four or five years. He got worse right along. He was a good husband and supported me in every way and was a good provider prior to the time he acquired this habit of intoxication. After September 13th, and up to the time of bringing this suit, he did nothing towards supporting me." The witness testified that

during said time she supported herself by her own labor. Upon cross-examination she further testified: "Mr. Campbell had some grading contracts last year. I do not know on what streets. He graded, I believe, until it froze up, which I suppose was in November. I cannot say how many men he had under him." With only this evidence before the jury relating to the extent of the injury to her means of support, the plaintiff rested her case, and the defendant challenged its sufficiency by a motion to direct a verdict.

In this class of cases, while the action is held to be founded upon contract, it is perhaps impossible to show in most instances any exact or specific amount of damage to the wife's means of support. But this does not relieve the plaintiff of the necessity of placing before the jury some facts or evidence from which they may estimate the damage. The class of facts or circumstances which may always be proved, and which are generally held sufficient to sustain a verdict in these cases, have been many times pointed out and sustained by decisions of the courts. The approximate amount of the husband's earnings before and after the injury complained of; that while he had formerly contributed, in some approximate amount or value, to the wife's support, he later spent his money in the saloon while in an intoxicated condition; that he had formerly furnished support in some amount or value, but later by reason of such intoxication ceased partially or wholly to furnish such support; that he had lost his employment and his known earnings therefrom by reason of such intoxication, and thus failed to furnish support. These and many other facts of similar character, which serve to give the jury some idea of the amount of damage sustained, may always be shown by evidence, and some such facts must be shown to sustain a verdict for actual damages. These actions are given to furnish compensation for a wrongful injury to the wife's means of support, and she must show in some approximate degree what the amount of that injury is. They are not actions in which the wrong itself gives a right to actual damages in a nominal amount with punitive or exemplary damages added in the discretion of the jury, but such

actions are founded upon contract. Garrigan v. Thompson, 17 S. D., 132, 95 N. W. 294. The character of the wrong does not change the rule applicable to other actions, that to recover damages there must be some evidence at least, tending to show the amount thereof. The object of the action is not to penalize the wrong, but to compensate the injury. The record before us is absolutely silent as to the amount of plaintiff's damage. Not one single fact appears in the evidence which tends in the remotest degree to show the amount of her injury. She testifies that prior to his habit of intoxication, acquired four or five years before, her husband supported her in every way and was a good provider, and that after September 13, 1908, he did nothing toward supporting her. She does not say that this failure was due to intoxication, but, assuming it to be the fact, yet there is not a scintilla of evidence before the jury upon which they may even conjecture the value of that which she lost. In Black on Intoxicating Liquors, it is said: "More usually, however, the statutes give a right of action for injuries to the plaintiff's person, property, or means of support, without fixing the amount of the recovery. Here the actual damages must be as nearly commensurate with the actual injury sustained as the case will permit. And the measure of damages must be fixed with reference to the actual situation, circumstances, and relations of the parties, and the real loss or injury proved, and not with reference to an abstract or ideal state of facts." The evidence before us comes far short of sustaining the allegations of the complaint, and in our judgment is wholly insufficient to sustain the verdict for the reason above indicated.

The order and judgment of the trial court are reversed, and a new trial ordered.