### SCOTT *v.* DOW.

1. TRIAL—CROSS-EXAMINATION—WITNESSES.
   To ask a witness, on cross-examination, after he has testified that he did not remember making certain conflicting statements on another trial, if his testimony was untrue, is not proper cross-examination.

2. SAME—CONDUCT OF TRIAL COURT.
   A reprimand for persisting in improper cross-examination, notwithstanding the adverse ruling of the court, is not reversible error, when it was induced by counsel's conduct.

3. HIGHWAYS—LAW OF THE ROAD—MOTOR VEHICLES—PERSONAL INJURIES.
   In an action by the operator of a motorcycle against the driver of an automobile who collided with him, a request to

charge that plaintiff is governed by the motor vehicle law, is sufficiently covered by a charge that he was bound to observe the same rules of the road as defendant, and was *prima facie* guilty of contributory negligence if he was operating his motorcycle at a greater speed than the laws of the State or the ordinances of the city permit.

4. SAME—MOTOR VEHICLES.
The charge was more favorable to defendant than he was entitled to, and sufficiently stated the rule that plaintiff was governed by the city traffic ordinance.

5. SAME—NEGLIGENCE—VIOLATION OF ORDINANCE.
Breach of an ordinance is evidence of negligence, not negligence *per se.*

6. SAME—PRESUMPTIONS.
Failure to give a requested instruction that the presumption is against the person on the wrong side of the road, is not error where the court charged that if the plaintiff cut the corner, and the collision resulted, whether by carelessness of the motorman a little greater or more than that of the plaintiff, he could not recover.

Error to Wayne; Donovan, J. Submitted June 14, 1910. (Docket No. 56.) Decided September 27, 1910.

Case by Arthur Scott against Alex Dow for personal injuries. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*Wilkinson, Post & Oxtoby,* for appellant.

*William P. Corbett* (*Howard B. Bloomer,* of counsel), for appellee.

BROOKE, J. Plaintiff recovered a judgment against defendant for $300 in an action of tort for injuries sustained by him in a collision between a motorcycle, ridden by himself, and an automobile driven by defendant. The collision occurred at the corner of Woodward and Milwaukee avenues, in the city of Detroit.

Plaintiff entered Woodward avenue from the east and turned south. Defendant was proceeding north on Wood-

ward. Plaintiff claimed that he passed across the center of Woodward avenue before turning south, and that defendant ran his machine diagonally across the street, striking plaintiff's machine on the west side of Woodward, just south of Milwaukee. Defendant claimed that plaintiff turned south on Woodward upon the east side of the street, when he, defendant, was approaching the intersection of Milwaukee; that, supposing plaintiff intended to stop at the east side of the street, he, defendant, turned slightly to the west to avoid him; that plaintiff suddenly discovered defendant's approach, and swerved to the west side of Woodward, where the vehicles came together.

Defendant was prosecuted in police court for driving his machine at a rate of speed prohibited by ordinance. Upon that trial plaintiff gave testimony for the people. He there testified that, when he entered Woodward, he observed defendant approaching from the south at a distance of about from 50 to 70 feet. Later he brought this suit against defendant in the justice's court, where he testified that he first saw defendant when he was about in the center of the block, between Baltimore and Milwaukee avenues. Upon the trial at circuit, plaintiff testified that, when he first saw defendant, he was nearer Baltimore than Milwaukee avenue. Plaintiff was cross-examined at great length by counsel for defendant upon the discrepancies in his testimony upon the question of distance. Plaintiff testified repeatedly that he did not remember having testified in police and justice's courts as the record in those proceedings indicated. Counsel for defendant then asked the following question:

"*Q.* And, if you testified differently in police court, your testimony in police court was not true?

"*The Court:* You cannot ask any man to testify that way, not the adverse witness. That is for the jury, whether he is mistaken. It is unreasonable to ask anybody whether their testimony is untrue. That is for the jury.

"*Mr. Oxtoby:* The question is whether he intentionally testified.

"*The Court:* I will rule it out. It is impertinent to ask any man whether it was not true.

"*Q.* If you testified in justice court, Mr. Scott, that, when you first came on Woodward avenue Mr. Dow was 85 feet from you, your testimony in justice court was not true?

"*The Court:* You need not answer. It is impertinent and insulting to a witness, and a lawyer should not ask it, and I reprimand you now. It is wrong."

Error is assigned upon this ruling and the accompanying language. We think the question was properly excluded. It was not proper cross-examination, as the court had pointed out earlier in the trial. Counsel had clearly brought out the variations in the plaintiff's various estimates as to the distance. These discrepancies were proper subjects of comment to the jury. We cannot say that the language in which the ruling was couched constitutes reversible error as it was induced by counsel's disregard of the court's previous ruling.

Defendant requested the court to charge as follows:

" I charge you that the motorcycle on which the plaintiff was riding on October 19, 1907, was a motor vehicle within the meaning of the Michigan motor vehicle law."

Error is assigned upon the court's refusal to give this request, and it is argued that in so doing he allowed the jury to test the actions of the defendant by the standard prescribed by the statute, and the actions of the plaintiff, on the other hand, by the common law. A sufficient answer to this claim is found in the following excerpts from the charge:

" I charge you that the plaintiff in operating his motorcycle on the day in question was bound to observe the same rules of the road as was the defendant in charge of his automobile; that the plaintiff had the right to operate his motorcycle only in compliance with the law and the burden of proof is on him to show that he was lawfully operating his vehicle on Woodward avenue. * * *

" If you find that the plaintiff in going into Woodward avenue from Milwaukee on the day in question was operating his motorcycle at a greater speed than permit-

ted under the laws of Michigan, and the traffic ordinance of the city of Detroit, then he was *prima facie* guilty of contributory negligence, and could not recover."

Error is likewise assigned upon the refusal of the court to give the following request:

"I charge you that the motorcycle upon which the plaintiff was riding on October 19, 1907, was a motor vehicle within the traffic ordinance of the city of Detroit, approved April 30, 1907."

The last paragraph of the charge above quoted sufficiently covers this request, and is more favorable to defendant than was proper. There was much conflict in the testimony as to the rate of speed at which plaintiff entered Woodward avenue. That question, therefore, became a question of fact for the jury. Had the jury determined that plaintiff was at that moment operating his machine at a speed greater than four miles per hour (the ordinance limit), plaintiff's recovery would not necessarily have been barred. Breach of an ordinance is evidence of negligence, not negligence *per se. Blickley* v. *Luce's Estate,* 148 Mich. 233 (111 N. W. 752), and cases cited.

It is urged that the court erred in refusing to give defendant's 14th request, as follows:

"I charge you that, where a collision takes place, the presumption is against the person on the wrong side of the road."

Inasmuch as the collision actually occurred on the west side of Woodward avenue, which was the wrong side of the road for the defendant to be upon when traveling north, it would, at first blush, appear that this request, if given, would have operated against his interest. But it will be remembered that it was defendant's theory that he had been driven out of his proper course by an effort to avoid collision with plaintiff, who was earlier upon the east side of the street. Upon this point also the testimony of the various witnesses did not agree. The court charged:

"And last, if you find that the plaintiff cut the corner at the southeast corner of Milwaukee avenue and Woodward avenue, in entering upon Woodward avenue, and came into the way of the motorman [defendant], and a collision as a consequence occurred, whether by the carelessness of the motorman, a little greater or more than that of the plaintiff, the plaintiff cannot recover, for he must be without blame or fault in the matter."

We are of opinion that defendant's rights were fully protected by the foregoing and other portions of the charge.

The other errors assigned do not require discussion.

The judgment is affirmed.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.