DAUDEL, Appellant, v. WOLF, Respondent.

(138 N. W. 814.)

1. **Trial—Preserving Order—Decorum of Counsel—Powers of Court —Judicial Discretion—Error.**

   The manner of conduct and control of trials in relation to decorum of parties and counsel toward the court and each other, and in preserving dignity of court, are matters inherently within discretion of trial judge. It is necessary to the due exercise of court functions that the judge should possess power to preserve order while conducting judicial proceedings, to enforce obedience to its orders and process, and to punish disobedience to same; and the trial court's action in this regard is not error unless it appears there has been gross abuse of such discretion.

2. **Trial—Conduct of Counsel—Discretion of Court—Overriding Court's Order—Abuse of Discretion.**

   Where defendant's counsel repeatedly and persistently, and even after objection to an immaterial question, twice repeated, had been sustained, asked the same question, and the court then ordered him to sit down, which he refused to do, and was then upon the court's order removed from the courtroom, the court then informing defendant that his attorney could not appear in court until he expressed a willingness to abide by its rules, and gave defendant time in which to procure other counsel, which he refused to do, the trial then proceeding to verdict and judgment in absence of any counsel for defendant, **held**, there was no abuse of discretion preventing defendant from having a fair trial. **Held**, further, that such action was misconduct unbecoming an attorney, seeking, as it did, to override, trample down, circumvent, and avoid the court's ruling.

3. **Error—Trial—Party Inviting Error.**

   One who invites or brings error into a case cannot thereafter be heard to complain thereof.

4. **New Trial—Counter-affidavit on Motion for—Judicial Discretion.**

   Failure to serve a counter affidavit on motion for new trial within ten days after service of moving affidavit, pursuant to Sec. 303, Code Civ. Proc., is not jurisdictional, but trial court may permit it to be served thereafter, if without prejudice to moving party, who, if he desires time for rebuttal, may move for postponement of hearing.

5. **Rebuttal Affidavits—Review—Presumptions—Burden of Proof.**

   Unless the party moving for new trial shows that he desires further time to file rebuttal affidavits, it will be presumed the court properly overruled objection to counter affidavit, and that moving party was not prejudiced thereby. The presumption is that court's ruling was correct, and burden rests upon appellant to affirmatively show reversible error.

**6.   Motion   for—Affidavit—Surrounding   Circumstances   Showing
      Error.**

  An affidavit accompanying motion for new trial, which shows
  no surrounding facts and circumstances under which court
  made remarks to appellant's counsel and ejected him from
  courtroom, so as to affirmatively show gross abuse of judicial
  discretion, was insufficient.

(Opinion filed December 3, 1912.)

Appeal from Circuit Court, Brule County. HON. FRANK B.
SMITH, Judge.

Action by C. G. Daudel against J. H. Wolf. After defend-
ant's counsel had been ejected from the courtroom by order of
trial court, the trial thereafter proceeded in the absence of any
attorney appearing for defendant; and a verdict was directed for
plaintiff.   From a judgment in favor of plaintiff and from an
order denying a new trial, defendant appeals. Affirmed.

*Emil J. Woerth,* for Appellant.

This appellant contends that the circuit court at the trial of
the case at bar, acted arbitrarily when it refused to allow its re-
marks made in the presence of the jury incorporated in the
record, and that the court erred and proceeded irregularly when
it removed defendant and appellant's counsel from the court room
thereafter, without sufficient cause for such removal, and that
this procedure prevented the defendant from having a fair trial in
this action.   Appellant asserts that these remarks of the court, "I
will not tolerate any justice court practice here," addressed direct-
ly to his counsel, could have but one tendency, and that is to
humiliate defendant's counsel, detract from his ability as an at-
torney and disparage him in the eyes of his client and the jury.
We insist that the remarks so made by the court tended to pre-
judice the defendant's cause, and that the defendant and appellant
herein had a statutory right to have the same embodied in the
record.   We assert that it is as much the duty of a trial court to
have its own remarks materially bearing upon the case, and made
in the presence of a jury, written into the record at the request
of an excepting party, as it is the duty of such court to allow
recorded an exception to any other ruling properly taken.

We further contend that the trial court had no right to
remove the defendant and appellant's attorney from the court
room at the trial of this cause of action.   That there was no good

cause or reason whatever for such extraordinary action on the part of the court. That the court exceeded its authority when it ordered the removal of the defendant's attorney from the court room, and thereafter directed a verdict against the defendant when he declined to engage other counsel.

It is vested with an abundance of power to deal with disquieting and disorderly situations arising in its presence, and tending to impede the even and peaceful administration of justice. To this end it may fine a refractory attorney to almost a limitless extent for repeated contempts of court, and all other persons for that matter, and it may arrest and imprison them if the occasion requires. In the case at bar the defendant's attorney, who was removed by the sheriff from the court room at the instance of the court, was not fined, he was not arrested or imprisoned.

There falls upon defendant and appellant's counsel at this time the painful duty of saying a word in his own behalf, for which we trust he will be pardoned by the court. Notwithstanding the counter affidavit of plaintiff and respondent's counsel to the contrary, I most emphatically deny that at the trial of this cause, or at any other time, I intentionally disobeyed the order or direction of the court. Morever, I trust that the day will never come when such a charge can be truthfully lodged against me. This counsel has had no opportunity heretofore to meet this charge. It will be observed that the plaintiff and respondent in this case did not serve upon the defendant any copy of his counter affidavit before the hearing of the motion for a new trial, as provided for by subdivision I. of section 5090 of the Code of Civil Procedure of the state of South Dakota, and that defendant was therefore deprived of the opportunity to resist the said counter affidavit. Had the opportunity been accorded to defendant to meet the foregoing charge, there would be now before this court countless affidavits of eye witnesses in support of the foregoing denial. We believe this said section of our statute mandatory, and we have assigned as error the ruling of the circuit court admitting plaintiff's counter affidavit without prior service thereof on the defendant, and over the latter's timely objection. It may be said that the court was in possession of all the information and facts necessary for a proper determination of the matter before it, and no matter what further proof might have been submitted, it had

first hand knowledge of all that occurred at the time of the trial of this case. While this is true, it cannot be overlooked that the trial court's conduct in the case at bar is also in question, and it is set up as one of the grounds for the reversal of the judgment and the order denying a new trial herein, and therefore we believe much light could have and would have been thrown upon the conduct of the trial in question had the defendant been permitted to offer additional proof of what occurred at the time of this trial in resistance of plaintiff's counter affidavit herein.

We insist that it is a mark of respect to rise when addressing the court. This defendant's counsel did when he the first time asked that the remarks of the court be incorporated in the record, and when the court made further remarks which counsel thought prejudicial to his client's interest, he started to repeat the motion first made, and while in the act, and still standing, the court commanded "sit down," and in the same breath hailed the officer to eject defendant's counsel from the court room. The appellant contends that to address the court in a seated posture would be a violation of the legal ethics, that to begin a motion standing and be seated before finishing the same, would be equally as bad, and that the court owes to the practitioner the consideration of allowing him to stand while respectfully making a motion vitally affecting the interest of his client, and that in such case the circuit court has not and should not have the power to require an attorney to be seated, before finishing his motion, and then have him removed from the court room because of his failure to do so.

In the case at bar we say that the removal occurred without sufficient cause therefor, and that the proceedings of the court were irregular, and the exercise of its discretion arbitrary, and that the defendant and appellant herein, J. H. Wolf, was thereby prevented from having a fair trial. This position we insist is supported by the plaintiff's own counter affidavit, which was admitted by the trial court over the defendant's timely objection, and which we assert is not entitled to consideration by this court.

We not only deny that we ever failed to live up to the rules and orders of the court, but we deny further that there was any such repetition of questions on cross-examination to the witness, Mary Koester, as alluded to in the counter affidavit of E. R. Slifer, and we further deny that defendant and appellant's coun-

sel was at any time during the trial asked or requested to pro-
ceed in this case, or was he at any time asked or requested to
proceed after his ejectment from the court.

In appellant's view of the case, based upon his own affidavit
of occurrences at the trial, which we contend is more in harmony
with the facts than plaintiff's counter affidavit, the gravest charge
that can be laid at the door of his attorney is, "a faithful, persist-
ent and presevering battle for the preservation of the defendant's
rights," and we cannot believe that this will be held a demeanor
unbecoming an attorney at law, neither can we believe that it will
be declared sufficient ground for ordering the defendant's at-
torney from the court room through the medium of an officer, and
without giving the defendant an opportunity to introduce his
evidence, and subject him to a directed verdict and a judgment
subsequently entered thereupon.

It surely will not be contended by any lawyer familiar with
the practice of law, that it is possible for an attorney to sit in
and assume the conduct of a case on the spur of the moment,
with all the facts pertaining to the case foreign to him, with
15 or more witnesses to testify in the case, and do justice to the
side he is asked to represent. Yet if the defendant and appellant
in this case, on the suggestion of the court, was required to choose
other counsel than the one who had been engaged in the trial of
his cause, and removed by the court, and without good cause
we contend, it would in effect mean, that the defendant could be
forced to trial without any preparation whatever. We cannot
conceive that this would be a just interpretation of the law, for
it abounds with an element of injustice that cannot but work the
gravest of prejudice to the defendant.

We submit that upon the plaintiff's counter affidavit alone
the trial court's proceedings in this action were irregular, and the
exercise of its discretion arbitrary, and that the defendant and
appellant herein were prejudiced thereby.

*J. G. Maughan, E. R. Slifer, H. L. Moses,* and *J. E. House,*
for Respondent.

Our first contention is that the conduct of the trial and the
control of counsel within the bounds of their recognized privileges
is so fully within the discretion of the trial court that its action
in that respect will never be reviewed unless it is manifest from

the records on appeal that that discretion has been plainly and grossly abused, and that no such abuse of discretion appears in this case. Felt v. Cleghorn, 29 Pac. 813 (Colo.); Fuller v. Ginsburg, 57 N. W. 1099 (Mich.); Garner v. Mutual Fire Ins. Co., 86 N. W. 289 (Iowa); Lathrop v. Sinclair, 68 N. W. 248 (Mich.); Scott v. Dow, 127 N. W. 712 (Mich.); Connell v. McNett, 67 N. W. 344 (Mich.); Crowell v. McGoon, 76 N. W. 672 (Iowa); Halley v. Tichenor, 94 N. W. 472 (Iowa); McMahon v. Eau Claire Waterworks Co., 70 N. W. 829 (Wis.).

Error is also assigned because of language used by the court in a colloquy between the court and counsel for appellant. The language complained of was an admonition coming from the court to the effect that after the court had ruled twice with reference to a certain question it was unprofessional and uncourteous for appellant's counsel to persist in putting the question for the purpose of procuring an answer considered improper by the court and that counsel had the record covering the point completely and that he must not offend in that way again. It appears from the record that counsel did persist in putting substantially the same question several times in succession after it had been ruled improper. Without prolonging the discussion on this point, we think it clear that there was no prejudicial error in the language used under the circumstances, but on the contrary, that the purpose of the court was to confine counsel within proper limits, and to prevent him from persistently endeavoring to draw out evidence from the witness after the rulings of the court that the same was improper. Hein v. Mildebrandt, 115 N. W. 121 (Wis.).

Respondents contend that the trial court has the right to limit the cross-examination and to refuse to allow a certain line of cross-examination after it has previously ruled that the questions were improper, and that in considering whether the remarks of the trial court constitute reversible error, the conduct of counsel provoking and prompting the court to make the remarks should be looked to, and in the case at bar, the persistent efforts of defendant's counsel to repeat the same question, after the judge had ruled that the question was immaterial, was sufficient provocation for the trial court to have uttered the remarks he did, and that in the utterance of those remarks, the defendant's case was not prejudiced. We contend that the court should be commended

for the action that it took in the matter, as it is necessary to the rights of litigants and to uphold the dignity of the court that proper decorum should be maintained in the court room.

Respondent's second contention is that if counsel for appellant conducted himself improperly and refused to obey the reasonable rule of the court, that the court had a right to have him ejected from the court room and refuse him the right to appear for the defendant until counsel expressed a willingness to conform to the rules of the court. Appellant's attorney, in his brief, admits that if he had been in contempt of court, that the court could have fined or imprisoned him, and that if the court was of the opinion that counsel for appellant had been in contempt of court, it was prejudicial error for the court to have proceeded in the way it did rather than to inflict a greater punishment upon defendant's counsel than it did. We consider this argument absurd. It would be unreasonable to say that because the court did not see fit to inflict a severe punishment upon appellant's counsel that a lesser punishment would in fact prejudice defendant. The very action of the court in this matter appearently shows that the court wished to treat counsel for appellant with fairness and that the court did not adminish counsel for defendant with a view of prejudicing defendant's case but with a view of establishing proper decorum in the court room.

Respondent's third contention is that it is not error for the trial judge to refuse to have incorporated in the court's record any argument between the court and counsel in regard to counsel's misconduct when the remarks of the court do not in any way show the court's opinion of the merits of the case or of the credibility of witnesses.

In the absence of statute, there is no rule of practice requiring the court, in passing upon objections to argument of counsel, to put into writing its remarks bringing counsel within proper bounds. 133 S. W. 137 (16 Current Law, 2439, Note 89).

Respondent's further contention is that on appeal, every intendment and presumption is in favor of the regularity of the proceedings of the trial court.

If record on appeal does not affirmatively show error in court below, judgment will be affirmed, as every intendment is in favor of the regularity of proceedings in trial court. Toulsouse v.

Burkett, 13 Pac. 172 (Idaho); Westphal v. Nelson, 125 N. W. 640 (S. D.); Scanlon v. Rock, 125 N. W. 638 (S. D.); Edgemont Imp. Co. v. Tubbs Sheep Co., 115 N. W. 1130 (S. D.); Hambro Distilling and Distributing Co. v. Price & Co., 119 N. W. 541 (Iowa); Evans v. Ruggee, 23 N. W. 24 (Wis.).

Proceedings and ruling upon the conduct of the trial will, in the absence of a showing to the contrary, be presumed to be regular and determined upon sufficient reasons. 3 Cyc. 298; 3 Cyc. 275 and 276; Breed v. Ketchum, 7 N. W. 550; Seekel v. Norman, 32 N. W. 334 (Iowa).

Respondent's further contention is that if the trial court committed error in considering the counter affidavit of E. R. Slifer, on the hearing of a motion for a new trial, the error was not prejudicial to the defendant.

The purpose of affidavits and counter affidavits on a motion for a new trial is to acquaint the trial court with facts so that it may intelligently rule upon the motion. If the affidavit of E. R. Slifer was improperly filed and considered by the trial court upon the motion, no prejudice resulted therefrom for the reason that the trial court had first-hand knowledge of all that occurred at the time of the trial of the case. We call your attention to the statement of counsel for appellant in his brief, on page 15 therein, in which it is stated, "It may be said that the court was in possession of all the information and facts necessary for a proper determination of the matter before it, and no matter what proof might have been submitted, it had first-hand knowledge of all that occurred at the time of the trial of this case." If the trial court had all the information and facts before it and of its own knowledge knew what happened at the trial, how can it be said that, any proof offered, even though irregularly so, prejudiced it in its ruling and thereby prejudiced defendant?

McCOY, P. J.  It appears from the record in this case that during the trial, and when a witness for plaintiff was being cross-examined by counsel for defendant, defendant's counsel asked the witness the question, "During the last seven years, how long have you been away from home?" and to which question the witness answered, "About a year and a half." Counsel for defendant repeated the question, and the same answer was given. Counsel

for defendant again repeated the same question, which was ob-
jected to by counsel for plaintiff on the grounds that it had al-
ready been answered and that it was immaterial to the issues in
the case. The court sustained the objection, and in doing so the
court stated: "There is no use to ask the question again, as
there is only one point in issue, and that is the identity of the
mare." Thereupon counsel for defendant again asked the same
question of the witness, to which plaintiff's attorney again made
the same objection. The court then made the statement to de-
fendant's counsel, "I will tolerate no justice court practice in this
court," to which statement of the court defendant's counsel ex-
cepted and asked that the remarks be incorporated in the record.
The court then stated: "I will look after the record, but I will
have to insist that you live up to the rules and practice of this
court, or you cannot proceed in this trial." Counsel for defend-
ant again excepted to the remarks of the court. The court then
requested counsel for defendant to sit down, which he refused
to do. While conducting the cross-examination of the witness,
counsel for defendant had been sitting. The court, upon the
refusal of defendant's counsel to be seated, then requested the
sheriff to remove defendant's counsel from the courtroom; at
the same time the court stating to defendant's counsel that he
could not appear in court until he expressed a willingness to con-
form to the rules of the court. The court then notified defendant
that his attorney could not appear in the court until he had ex-
pressed a willingness to live up to the rules of the court, and that
defendant could have ample time to procure new counsel and
proceed with the trial, but defendant stated that he refused to
procure other counsel; thereupon the trial was resumed, the plain-
tiff's evidence submitted, and the jury instructed, and a verdict
rendered for plaintiff and judgment entered thereon.

[1] Defendant then moved for a new trial on the ground of
"irregularity in the proceeding of the court, and the exercise of
arbitrary discretion by which defendant was prevented from
having a fair trial." The motion for new trial was overruled,
and defendant excepted, and now on appeal urges such ruling of
the court as error. We are of the opinion that the contention of
defendant is not tenable. The manner of conduct and control of

trials in relation to the decorum of the parties and counsel towards the court and each other, and in preserving the dignity of the court, are matters inherently within the discretion of the trial judge, who has a very wide latitude of discretion in this regard; and the action of a trial court in this regard will not constitute error unless it appears there has been a gross abuse of such discretion. It is necessary to the due exercise of the function of a judicial court that the judge should possess the power to preserve order while conducting judicial proceedings, to enforce obedience to the lawful orders and process of the court, and consequently to punish disobedience of the same. Thompson on Trials, § 124.

[2] For counsel to persistently, over and over again, propound the same question to a witness that has already been once or more times fairly answered is such misconduct that the trial court should reprimand, even without objection from opposing counsel. It is certainly much more flagrant misconduct after an objection has been made thereto and sustained by the court, and especially so when the court has clearly stated to counsel that the question should not again be repeated because it was immaterial. It was the privilege of counsel for defendant to except to the ruling of the court when the court sustained the objection to the question; but, after the court had clearly passed upon the objection, it was misconduct unbecoming an attorney to thereafter, in such manner, seek to override, trample down, circumvent, and avoid the ruling of the court. Under the circumstances of this case, we are clearly of the opinion that the trial court did not abuse its inherent discretion by causing the removal of defendant's counsel from the courtroom until he should express a willingness to abide by the rulings of the court. The view that the trial court has a wide discretionary latitude in this regard seems to be sustained by the following authorities: Scott v. Dow, 162 Mich. 636, 127 N. W .712; Felt v. Cleghorn, 2 Colo. App. 4, 29 Pac. 813.

[3] Again, one who invites or brings error into a case cannot thereafter be heard to complain thereof.

[4] The motion for new trial in this action was based upon the affidavit of counsel for defendant annexed to and served with the notice of intention. At the time of the hearing of the motion

for new trial, plaintiff was permitted, over the objection of defendant, to submit a counter affidavit showing what plaintiff claimed to be the circumstances which led up to and under which the court caused defendant's counsel to be ejected from the courtroom. The counter affidavit was not served within 10 days after the service of the moving affidavit accompanying the notice of intention as provided by section 303, Code Civ. Proc. If defendant had desired time in which to rebut said counter affidavit, he should have moved for a continuance or postponement of the hearing for that purpose. The time for service of the counter affidavit is not jurisdictional, and it is within the discretion of the trial court to permit such affidavit after the expiration of the 10 days provided by statute, where no inconvenience or prejudice would be occasioned thereby to the moving party.

[5] Unless the moving party makes some showing at the time that he desires further time in which to file rebuttal affidavits, it will be presumed that the court properly overruled the objection to the counter affidavit, and that there would be no prejudice to the moving party caused thereby. It does not appear on what ground the court denied the motion for new trial. The presumption is that the ruling of the trial court appealed from was correct, and the burden rests on appellant to affirmatively show and point out error that would warrant a reversal.

[6] The affidavit accompanying the notice of intention, on which the motion for new trial was based, is insufficient in that it does not contain a statement of the surrounding facts and circumstances which led up to and under which the court made the remarks and took the action in ejecting said counsel from the courtroom. One who moves for a new trial by reason of the alleged irregular action of the trial court, in regard to the manner of conducting a judicial trial, must show all the surrounding circumstances, if any, which caused such action on the part of the court, and it must affirmatively appear from such showing that the action of the court was gross abuse of judicial discretion. The affidavit of defendant's counsel presented on the motion for new trial was wholly insufficient in this regard. The mere statement that the trial court performed some act or made some remarks that might be regular or not according to the circumstances would be presumed to be regular in the absence of surrounding

circumstances affirmatively showing to the contrary. The matters and things which naturally would have rebutted or denied the counter affidavit, if any, should have been contained in the original affidavit on which the motion was based, and the counter affidavit made in opposition thereto, if the plaintiff wished to dispute or contest the showing so made.

Finding no error in the record, the judgment of the trial court is affirmed.