# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

---

STRONG, Respondent, v. THOMPSON et al., Appellants.

(162 N. W. 385.)

(File No. 4018.    Opinion filed April 30, 1917.)

1. **Intoxicating Liquors—Suit for Damages—Complaint—Husband's Contribution to Plaintiff's Support, Allegations.**

   In a suit by wife for loss of husband's support alleged to have been caused by defendant's sale of intoxicating liquors to him, held, that a complaint stating the amount that the husband contributed to her support prior to alleged sales, and that he failed to contribute anything thereafter, is sufficient to support proof of these facts.

2. **Intoxicating Liquors—Civil Damage Suit—Husband's Intoxication at Time of Sale, Immateriality of—Statutes.**

   In wife's suit for loss of husband's support, caused by defendant's sales of liquor to the husband, brought under Pol. Code, Sec. 2844, as amended by Laws 1909, Chap. 247, making it unlawful for a licensed liquor dealer to sell or give intoxicating liquor to a person in the habit of becoming intoxicated, it is immaterial whether plaintiff's husband was intoxicated at time of alleged sales, or whether such sales resulted in his intoxication.

3. **Intoxicating Liquors—Civil Damages—Illegal Sales—Habitual Intoxication, Loss of Support, as Basis of Damages.**

   Under Pol. Code, Sec. 2844, as amended by Laws 1909, Chap. 247, providing for civil damages for unlawful sales of intoxicants, it is sufficient to allege as a cause of action that plaintiff's husband was in the habit of becoming intoxicated at time of alleged sales, and the damage to plaintiff resulting therefrom.

4. **Intoxicating Liquors—Civil Damage Suit—Complaint—Husband's Incapacity to Support Plaintiff Because of Alleged Sales, Immateriality.**

1—Vol. 39, S. D.

> In a suit by wife against saloon keeper for loss of support of
> herself and children, caused by defendant's sales of intoxicating
> liquor to her husband, it is not necessary to allege in terms
> that the husband became incapacitated to support her because
> of the alleged illegal sales; the allegation that his failure to
> support her resulted from such illegal sales being sufficient.

Appeal from Circuit Court, Brown County. Hon. THOMAS
L. BOUCK, Judge.

Action by Maud Strong, against Ole T. Thompson and The
Northern Casualty Company, for damages for loss of support of
plaintiff and her children occasioned by defendant Strong's sale of
intoxicating liquor to plaintiff's husband. From an order over-
ruling a demurrer to the complaint, defendants appeal. Af-
firmed.

*E. B. Harkin,* for Appellants.

*Amos N. Goodman,* for Respondent.

(1.) To point one of the opinion, Appellants cited: Welch
v. Gugenheimer, (Wis.) 8 N. W. 673; Campbell v. Johnson, 25
S. D. 458; Palmer v. Schurz, 22 S. D. 283.

(2.) To point two of the opinion, Appellants cited: Pol.
Code, Secs 2849, 2839; Welsh v. Guggenheimer, 8 N. W. 673.

(3.) To point three of the opinion, Appellants cited: Pol.
Code, Sec. 2849; Campbell v. Johnson, 25 S. D. 458.

POLLEY, J. Plaintiff brings this action for the recovery of
damages for the loss of support for herself and children occas-
ioned by the sale of intoxicating liquor to her husband. The
complaint alleges that the defendant Thompson is a duly and reg-
ularly licensed retail liquor dealer, and that the defendant North-
ern Casualty Company is the surety on defendant Thompson's
liquor license bond; that plaintiff is the wife of Leon Strong, and
that they have five children, all under the age of 12 years; that
the said Leon Strong is a person in the habit of becoming in-
toxicated, and that, while in the habit of becoming intoxicated,
the defendant Thompson sold and gave to him intoxicating
liquors; that, except for the said illegal sales of intoxicating
liquors, said Leon Strong is an able-bodied man and capable of
contributing at least $1,500 per year to the support of plaintiff
and her said children; that, prior to the said sales of intoxicating
liquor to her said husband by defendant Thompson, he did support
and maintain the plaintiff and her said children according to their

station in life; but that, since the said sales of liquor to plaintiff's said husband, and because of such sales, plaintiff and her said family have been deprived of their said support, to her damage in the sum of $3,000. Defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. From an order overruling said demurrer, defendants appeal.

Under the provisions of section 2844, Pol. Code, as amended by chapter 247, Laws of 1909, it is unlawful for a licensed liquor dealer to sell or give intoxicating liquor to a person who is in the habit of becoming intoxicated, and, by the provisions of section 2849, married women are authorized to maintain actions on behalf of themselves and children for the recovery of damages resulting from such unlawful sales.

[1-4] It is contended by appellants that:

"The complaint does not allege the husband of plaintiff was intoxicated at the time of the sale. It does not allege that he became intoxicated at the time of said sale, or any time thereafter. It does not allege that he became incapacitated and unable to support the plaintiff by reason of said sale or for any other reason. It does not allege that the failure to support the wife was due to any disqualification of the husband."

In support of such contention, appellants cite and rely upon Campbell v. Johnson, 25 S. D. 458, 127 N. W. 468. But we are unable to see where anything said in that case supports appellants' contention. The judgment in that case was reversed because there was no evidence to show the earning capacity of the plaintiff's husband or to show how much he contributed to the support of plaintiff prior to the alleged illegal sales, nor to form a basis upon which the jury could estimate the damage sustained by plaintiff.

In this case, the complaint states the amount that plaintiff's husband contributed to her support prior to the said illegal sales, and that he failed to contribute anything at all after such sales. These allegations are sufficient to support proof of these facts. It is wholly immaterial whether plaintiff's husband was intoxicated at the time of the alleged illegal sales, and it is equally immaterial whether such sales resulted in his intoxication. It is sufficient, under the statute, if plaintiff's said husband was in the habit of

becoming intoxicated at the time said illegal sales were made, and that damage thereby resulted to plaintiff. It is not necessary to allege in terms that plaintiff's husband became incapacitated to support her because of the alleged illegal sales, or that he became disqualified to support her because of such sales. The allegation that his failure to support her resulted from such illegal sales is sufficient. In our opinion, the complaint states a cause of action under the statute.

The order appealed from is affirmed.