BUTTON, Respondent, v. GRANBERG et al, Appellants.

(171 N. W. 822).

(File No. 4357. Opinion filed April 18, 1919.)

1.  Intoxicating Liquors—Unlawful Sales, Wife's Suit on Bond For Damages—"In Habit of Getting Intoxicated," Sale to Person, Notification Re, Whether Necessary—Amended Statute.

    In a suit by wife upon a retail liquor dealer's bond, for damages from sale of intoxicants to her husband, alleged to have been one in the habit of getting intoxicated, held, construing Rev. Pol. Code 1903, Sec. 2839, requiring that such bond shall be conditioned that the principal would not sell to a person "in the habit of getting intoxicated," when notified in writing that he is such person, as amended by Laws 1909, Ch. 184, eliminating the clause "when notified in writing," etc.,—that trial court, in absence of proof that defendant had been so notified, erroneously limited the proof to the issue whether defendant sold intoxicants to the husband at a time when he was intoxicated.

2.  Same—Wife's Suit for Damages—Sale by Defendant, or Agent, Conflicting Evidence, Effect.

    Where, in a suit by wife upon a retail liquor dealer's bond, for damages from sale of intoxicants to her husband, the evidence as to whether defendant or his agent sold the liquor is conflicting, but, if believed by jury, being sufficient to sustain plaintiff's case, verdict will not be disturbed.

Appeal from Circuit Court, Beadle County. Hon. Alva E. Taylor, Judge.

Action by May Button, against E. J. Granburg, and the United States Fidelity and Guaranty Company; upon a retail dealer's bond, to recover damages resulting from the sale of intoxicating liquors to plaintiff's husband. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Null & Royhl,* and *Fred Duffy,* for Appellants.

*M. Harry O'Brien,* and *Chamberlain & Hall,* for Respondent.

GATES, J. Action upon the bond of a retail dealer in intoxicating liquor executed June 25, 1915. The plaintiff brought this action on behalf of herself and minor child, alleging, among other things, that she was the widow of one Albert G. Button, that her said husband died February 26, 1916, caused by the excessive drinking of intoxicating liquors sold by defendant, and that her husband was at the time of such sales an intoxicated person and a person in the habit of getting intoxicated.

In section 2839, Rev. Pol. Code 1903, some of the required conditions of such bond were that the principal would not sell intoxicating liquors "to any adult person whatever who is at the time intoxicated, nor to any person in the habit of getting intoxicated when notified in writing that such person is in the habit of getting intoxicated." By chapter 184, Laws 1909, the clause "when notified in writing," etc., was eliminated.

Notwithstanding such change in the statute, and six years after the statute had been changed, the county commissioners of Beadle county negligently permitted the filing of and approved this bond in the form promulgated by the Revised Code of 1903.

[1] There being no proof that defendant had been notified in writing that Button was in the habit of getting intoxicated, the trial court limited the proof to the issue whether defendant sold intoxicating liquor to Button at a time when he was intoxicated. Verdict and judgment were rendered for plaintiff in the sum of $2,000. From the judgment and an order denying a new trial defendant appeals.

[2] There was a conflict in the evidence as to whether defendant or his agents sold intoxicating liquor to Button at a time when he was intoxicated, but there was sufficient evidence, if believed by the jury, to sustain plaintiff's side of the issue. In addition to the alleged insufficiency of the evidence to sustain the verdict, there are many assignments of error argued, the chief of which have been decided adversely to appellant in Garrigan v. Kennedy, 19 S. D. 11, 101 N. W. 1081, 117 Am. St. Rep. 927, 8 Ann. Cas. 1125, Palmer v. Schurz, 22 S. D. 283, 117 N. W. 150, Campbell v. Johnson, 25 S. D. 458, 127 N. W. 468, Dickmann v.

Thomas, 36 S. D. 283, 154 N. W. 811, and Daudel v. Wolf, 30 S. D. 409, 138 N. W. 814.

In view of. the present attitude of the state and nation with reference to the business of selling intoxicating liquor, we can perceive no useful purpose in detailing the different points argued in appellant's brief. All of them have been considered. We believe that appellant had a fair and impartial trial, and that the order and judgment appealed from should be affirmed.