HASKELL INDEPENDENT SCHOOL DIST. et al. v. FERGUSON et al.

No. 2432.

Court of Civil Appeals of Texas. Eastland.

Jan. 14, 1944.

Rehearing Denied Feb. 11, 1944.

Calvin Henson, of Haskell, for appellants.

T. R. Odell, of Haskell, for appellees.

FUNDERBURK, Justice.

This is a Ferguson case. This time it takes the form of a tax suit. We shall consider and discuss it only as a tax suit, wherein Haskell Independent School District as plaintiff, and the City of Haskell, the State of Texas, and the County of Haskell as interveners, under authority of Vernon's Texas Civil Statutes, Art. 7345b, seek to recover taxes and foreclose tax liens upon real property in the City of Haskell and in said school district, state and county. Plaintiffs' pleadings designate the defendants thus: "Joe Lee Ferguson, A. M. Ferguson, individually and as Administrator of the Estate of Kate F. Morton, deceased; R. A. Chapman and the Farmers and Merchants State Bank of Haskell, Texas, * * *." The last named two defendants, upon their disclaimer of any interest in the land—not being charged with ever having owned same—were dismissed and no point is made questioning the propriety of such action.

The taxes involved amount to $84, plus interest, penalties, and costs on lots 7 and 8, block Y in Miller's Addition to the town of Haskell for the years 1933 to 1942, inclusive; and $2.40, plus interest, penalties and costs on lots 7, 8, and 9, block 33 of the Frisco Addition to the town of Haskell for the years 1933 to 1942, inclusive.

Upon a jury trial the Court instructed a verdict in favor of all the Defendants, except Joe Lee Ferguson. A verdict was instructed against Joe Lee Ferguson for the taxes, etc., for certain years upon parts of the properties, but without prejudice to the rights of the several taxing authorities to re-assess the taxes for the years for which recovery was not awarded.

The Plaintiff and interveners have appealed. Defendant A. M. Ferguson gave notice of appeal, but filed no appeal bond. In his capacity as an individual, he, therefore, failed to perfect appeal.

Plaintiffs in their brief assert seven propositions. Since under former rules of practice "propositions" were synonymous with "points" (Wagley v. Fambrough, Tex. Civ.App., 163 S.W.2d 1072, and authorities cited), we shall treat the seven propositions as seven points upon which the appeal is predicated as provided for in Rules 374 and 418, Texas Rules of Civil Procedure.

The First Proposition (point) is stated as follows: "The Court should have instructed a verdict and rendered judgment in this cause (1st) in favor of the Haskell Independent School District, Plaintiff, for its taxes for the years 1934, 1935 and 1940; (2nd) in favor of City of Haskell, Intervener, for its taxes for the years 1934, 1935, 1936, 1937, 1938, 1939 and 1940; and (3rd) in favor of the State of Texas and Haskell County, for their taxes for the years 1933, 1934, 1935, 1936, 1937, 1938, 1939 and 1940." It is to be observed that the statement of the point does not include the statement of any reason why it is asserted that the Court erred in any of the particulars mentioned. It is fairly implicit in the judgment that the

Court was of opinion that no valid assessment was shown for each of the years for which no recovery was awarded, since it was expressly provided that the action in disallowing recovery was without prejudice to the right of the taxing units to re-assess the property. If we look—as has been held may be done—"to the 'point' and the statement and argument thereunder to determine the question of reversible error" [Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482], the only enlightenment we get as to any reason why it is claimed the Court erred in any respect is the argument "If the property owner does not himself make a proper rendition [of his property for taxation] he should not be heard to complain of mere irregularities therein." We have examined the portions of the statement of facts to which we have been referred and find nothing which, in our opinion, is conclusive of the validity of the assessment in question. Neither the statement of the point, nor the statement from the record or argument is sufficient to direct the attention of this court to the error, if any, in the action of the Court complained of. In our opinion, this does not constitute a showing, certainly not conclusively and as a matter of law, as it must do to be available here, that the assessments were valid, and that, therefore, the Court erred in not awarding recovery for such taxes. The point is overruled.

■ The remaining propositions (II to VII, inclusive) included, as an essential element of each, a contention to the effect that the Court should not have admitted in evidence or considered certain documentary evidence. There are no formal bills of exception in the record. There are no references under any of the propositions to any place in the State of Facts which shows that any exception was taken to the action of the court in admitting the documents in evidence. There is no agreement of the parties apparent of record to the effect that any objections were made or exceptions taken to the Court's several actions. We, therefore, conclude that Appellants' said points present no reversible error.

■ Further, there is no showing that Appellants were prejudicially affected by the evidence, the admission of which is the subject of the several complaints. The gravamen of the objection seems to be that the evidence was not binding upon Plaintiffs because they were not parties to the proceedings shown by such evidence. They quote from some of the documents to show that expressly they were not intended to be affected. Under such circumstances there is no presumption that the Court gave any such effect to them, and, hence, there is an absence of any showing of prejudice.

A. M. Ferguson in his brief adopts the 7 propositions of Plaintiffs, except the first proposition, and urges five additional propositions, the first four of which relate to the admission or exclusion of evidence and are, therefore, subject to the same observations as made above concerning Plaintiffs' propositions II to VII, inclusive. The fifth point insists that the Court should not have considered a certain article of the Revised Civil Statutes (Art. 237). In our opinion, no question is presented by a purported point that the Court should not have considered a statute.

■ Besides, in our opinion, if it be conceded that abstractly A. M. Ferguson had a right to appeal from the judgment in this case, it is, nevertheless, true that he shows no right, and in the nature of the case it would be impossible for him to show any right to urge any error in the trial of the case. "It is to be borne in mind," says the text of Tex.Jur., "that the right to appeal or sue out a writ of error is one thing and the right to urge error on appeal is another, for a party may in a proper case have a right to appeal but be denied the right to urge particular error because of lack of prejudice," etc. 3 Tex.Jur. p. 143, sec. 79. The judgment in this case, whether right or wrong, was unqualifiedly in favor of A. M. Ferguson in any capacity in which he was joined as Defendant. In our opinion, as a matter of law he has not been prejudiced, and is, therefore, not entitled to urge error upon this appeal.

Being of opinion that no error has been shown, and that it should be affirmed, it is accordingly so ordered.

GRISSOM, J., did not participate in the decision of this case.