**Mrs. Lucille WRIGHT, Appellant,**

**v.**

**MACK MOTOR TRUCK CORPORATION et al., Appellees.**

**No. 13517.**

Court of Civil Appeals of Texas.

Houston.

June 23, 1960.

Burl E. Eastup and Gordon J. Kroll, Houston, for appellant.

Chilton Bryan and E. H. Patton, Jr., Houston, and Bryan & Patton, Houston, of counsel, for appellees.

BELL, Chief Justice.

The appellant sued appellee, J. L. Schroeder, and Mack Motor Truck Corporation for damages allegedly received by her when an automobile driven by Schroeder ran into the back end of the automobile driven by appellant. An instructed verdict removed Mack Motor Truck Corporation from the case and no complaint is made by appellant of such action by the trial court. The jury found Schroeder, herein called appellee, guilty of certain acts of primary negligence, each of which was a proximate cause of the collision. It found appellant's failure to signal her intention to decrease the speed of her automobile immediately before the collision was negligence that was a proximate cause of the collision. The jury also found appellant suffered no injury as a proximate result of the collision, but found damages of $400. The court rendered judgment on the jury verdict in favor of appellee that appellant take nothing.

Appellant assigns six Points of Error. Four Points assert that the answers of the jury to the following issues are so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust:

1. Issue No. 13 finding appellant's failure to signal her intention to decrease her speed was negligence.

2. Issue No. 14 finding such negligence was a proximate cause of the collision.

3. Issue No. 24 finding the damages suffered by appellant were only $400.

4. The answer to Special Issue No. 23 finding appellant suffered no injury.

Appellant also complains that there was no evidence to authorize the submission of Issue No. 23 which inquired as to whether appellant suffered any bodily injury in the collision.

The last complaint is that Issue No. 13 is a comment on the weight of the evidence.

■ There is only a partial statement of facts brought to this Court. It consists, according to the reporter's certificate, of the testimony of appellant's witnesses offered by appellant in establishing her case "in chief."

Appellee in his brief raises the question as to whether we can consider the Points of Error complaining that the jury's answers to issues were so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. On submission, we, in a question to appellant's counsel, raised the same question. Counsel's reply orally to this Court's question was that he felt since he had stated in effect in appellant's brief that the partial statement of facts brought forward all the testimony on the issues material to appellant's appeal and this was not denied by appellee, there was an admission of the truth of the statement. Rule 419, Texas Rules of Civil Procedure.

We have read and reread appellant's brief and do not find that statement asserted. We do find this statement: "The only testimony in the entire trial as to the manner in which the accident occurred comes from the plaintiff and the defendant." This is not an assertion that the partial statement of facts contains all of the evidence given at the trial on the manner in which the collision occurred. Following the above quoted statement in appellant's brief are quotations from the testimony of appellant and appellee as to how the collision occurred. It is to be noted that appellee in his brief did not admit that this represented all of the testimony, but to the contrary in his opening statement expressly pointed out the statement of facts did not include all of the evidence introduced at the trial. We are not, therefore, able to give effect to Rule 419, T.R.C.P.

■ We cannot appraise the Points of Error asserting that the jury's answers to Issues Nos. 13, 14, 23 and 24 are so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong. Under the holding in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, in determining whether this is true, we must examine all of the evidence that was before the jury. We do not have all of that evidence. It is the duty of an appellant to present a record showing error. The duty does not rest with appellee.

On the day following submission appellant filed with the Clerk a letter, which we treated as a motion, asking to be allowed under Rule 428, T.R.C.P., to file a supplement to the statement of facts containing the balance of the testimony given in the trial court. This motion is opposed by appellee.

■ This Court is by said Rule 428 vested with authority to allow the filing of a supplemental statement of facts. The court is not, however, required to do so. We feel that the rule should be construed liberally in favor of completing the record. However, this does not mean the request to complete will always be granted. Whether it will be granted will depend on the facts of each case.

■ In this case appellant's motion for new trial, which was overruled June 5, 1959, of course asserted as grounds for new trial that the jury's answers to Issues Nos. 13, 14, 23 and 24 were not supported by sufficient evidence. It should have been known that under In re King, supra, which

is quoted from in appellant's brief, this Court would have to consider all of the evidence that was before the jury in determining the sufficiency of the evidence to support the jury's answers to those issues. However, appellant, as shown by the court reporter's certificate, ordered only the testimony given by her witnesses on presentation of her case "in chief." The partial statement of facts was approved the last · week of July, 1959 by appellee's counsel with the admonition that his approval was without prejudice to his right to move to strike same or to object to appellant's failure to obtain "a full and complete statement of facts." The statement of facts was filed with the Clerk of this Court July 28, 1959. The case was set for submission in this Court for June 9, 1960 on March 31, 1960. Appellee filed his brief on May 5, 1960, asserting this Court could not pass on appellant's points asserting insufficiency of the evidence to support certain answers of the jury. The first request to supplement the statement of facts came the day following submission. In the motion it is stated that from appellant's counsel's notes he estimates there will be about 40 pages of additional testimony. This testimony has not yet been transcribed. There is nothing to evidence to us when the court reporter would be able to transcribe this testimony.

Because of all of these facts, and because to grant the motion would cause delay, interfering with the orderly disposition of this Court's docket, the motion to have prepared and file a supplemental statement of facts is overruled.

We are, however, able, with a partial statement of facts, to pass on whether an issue is a comment on the weight of the evidence. Too, we can examine the partial statement of facts to see if there is evidence to support the submission of the issue at least to the extent that it shows evidence raising the issue, because if it is raised by the part of the record furnished us, the issue must be submitted even though the omitted part of the evidence may be in conflict. We do not pass on what the result would be if the evidence shown by the partial statement of facts failed to raise the issue.

■ We have concluded in this case that the partial statement of facts shows evidence raising the issue as to whether appellant received an injury in the collision of July 10.

■ In determining whether the evidence raises the issue, we must view the evidence and reasonable inferences to be drawn therefrom most favorably to the party whose issue it is. Though there may be conflicts these must be disregarded.

In this case some evidence shows that appellant was driving about 35 or 40 miles per hour at the time of the collision. Appellee was driving only slightly faster behind her about 30 or 40 feet immediately before the collision and he threw on the brakes of his car and slid into the rear end of appellant's car. It was raining at the time. She had not put on her brakes but had lifted her foot from the accelerator. Appellant was thrown against the steering wheel and jerked her neck and arm. This was appellant's testimony. The appellant's automobile was driven from the scene of the accident to a parking lot. Repairs to the rear of the vehicle amounted to $148. Appellant then went to the police station to report the accident. She then went on to her work. In response to a question as to what injuries she received and what she at the time of trial was suffering from, she stated she "was suffering from severe headaches and vomiting spells" and her right arm goes dead. She is very nervous. She went to no doctor for a month or two after the accident. Each week her pain became worse. She went to Dr. Elliott. *Appellee testified that immediately after the accident the first thing he did was to ask appellant if anyone was hurt and she answered in the negative.* The children in appellant's automobile seemed to be enjoying it. They were not crying. He said he was going only 3 or 4 miles per hour at the

time of the collision. Appellant did not know how far her car was knocked or pushed but in her deposition she had estimated from three to six feet.

On July 2, a week before the collision in question, appellant's automobile had been hit from the rear in Galveston. She denied she received any injuries in the July 2 accident. She had some soreness. She went to see Dr. Collins, her family doctor. He gave her two or three heat treatments, she doesn't remember just how many. The soreness, she said, left in a few days. She settled her claim for this accident for $500. She said the difference between the $500 and $224 for damages to the automobile was to cover transportation.

Dr. Elliott testified he first saw appellant September 12, 1956, two months after the collision. He got a history from her. An examination showed limited motion in the neck. There was evidence of muscle spasms in the neck. X-rays were essentially negative. She, in his opinion, had a whiplash injury. In his opinion, her injury was from the July 10 collision. Sometime later she was in the hospital for three days. She had to the time of trial been under treatment. While appellant told the doctor about the July 2 accident she told him she didn't think she was hurt; that Dr. Collins told her it was a sprain and it had cleared up. Dr. Elliott testified that his opinion that the injuries resulted from the July 10 injury instead of the July 2 injury was, of course, based in part on appellant's history to him that she was not injured in the July 2 accident. He also stated that at the time he first saw appellant his findings would have been the same whether they were received on July 2 or July 10. Apparently his findings were consistent with the injuries received in either accident. He also testified he noticed her extreme nervousness when she came to him and she told him she had been nervous all her life.

We hold there was evidence raising the issue as to whether appellant received bodily injury in the collision of July 10.

Appellant finally complains that Special Issue No. 13 was a comment on the weight of the evidence. It reads:

"Do you find from a preponderance of the evidence that the failure of Mrs. Lucille Wright to give a signal indicating her intention to decrease her speed immediately before the collision in question was negligence?"

The comment cannot consist in the assumption that she failed to give a signal because her own and all other testimony shows she did not. The basis of appellant's complaint seems to be twofold. First, she says it was contested as to whether she stopped or slowed her vehicle and that the issue as framed assumes that appellant slowed her vehicle to the point of being almost stopped. We do not agree. Appellant admitted she slowed her vehicle about 5 miles per hour by lifting her foot from the accelerator so that at the time of the collision she was going 35 to 40 miles per hour. Appellee testified she had decreased her speed to where she was almost stopped. The issue as submitted assumes only that she decreased her speed (which is undisputed) but does not assume that she decreased it to the point where she was nearly stopped.

Secondly, appellant says the issue as drawn assumes that she had sufficient time to signal her intention to slow down or stop. She contends Article 6701d, Sec. 68 (c), Vernon's Ann.Tex.Civ.St., requires such a signal only if she had an opportunity to give one. This article was not plead as a defense. Common law negligence was plead generally. The issue was not based on this statute but on the breach of a duty at common law. The issue then to be decided by the jury is whether under all circumstances the failure to give a signal was negligence. The issue was not subject to the complaint urged.

The judgment of the trial court is affirmed.