**Bert KLIMIST, d/b/a Klimist Store Fixture Mfg. Co. and Klimist Store Fixture & Mfg. Co., Appellant,**

**v.**

**Ed BEARDEN, Appellee.**

**No. 32.**

Court of Civil Appeals of Texas.

Tyler.

Jan. 9, 1964.

Rehearing Denied Jan. 30, 1964.

Carl W. Wilson and William C. Baker, Wynne, Jaffe & Tinsley, Dallas, for appellant.

Robert L. Blumenthal, Carrington, Johnson & Stephens, Dallas, for appellee.

MOORE, Justice.

This is a suit upon a sworn account. In a trial before the court without the intervention of a jury, the trial judge entered judgment for the plaintiff below for the reasonable value of certain art work, newspaper layouts and advertising services performed by the plaintiff, Ed Bearden, for the defendant, Bert Klimist, together with attorney's fees, to which judgment and ruling of the court defendant has perfected this appeal.

Since the only question involved in this appeal is the alleged error of the trial judge in excluding certain evidence directed to the reasonable value of the work and services performed by the plaintiff, the defendant filed a statement of the point upon which he relies, and now brings this case before this court upon an abbreviated or partial statement of facts, in accordance with Rule 377–a, Texas Rules of Civil Procedure.

The single point of error relied on for reversal is as follows: "The Trial Court erred in refusing to admit evidence sought to be introduced by the Appellant as to the adverse effect that an incorrect address appearing in the ads prepared by the Appellee would have on the reasonable value of such ads."

Defendant contended that since the wrong business address was inserted on two of the advertising plates which were furnished him by the plaintiff, that the reasonable value of the plates as prepared with an incorrect address became an issue.

In an effort to prove what the reasonable value of such advertising plates and services of the plaintiff were worth containing an incorrect address, defendant called one Roy Stein to the stand and, after qualifying him as an expert along that line, propounded the following question. "Q. Now, if you prepared the two ads which you have before you for a client and inserted the wrong address in the ad, what charge would you make for your work?"

The question was objected on the ground that same was a hypothetical question and the proper predicate had not been laid, which was sustained by the court. Defendant then perfected his bill of exception by the following question and answer. "Q. Mr. Stein, what would be your charge for the work done in Plaintiff's Exhibits 3 and 4 before you if your office had included an incorrect address of your client?" "A. If the customer—if my client had okayed the proof, then I would hold him responsible. If I did not show him the proof and get an okay on it, then, I would assume responsibility for it myself and I am afraid I wouldn't be able to charge for it if I had either the wrong address or if there was the price stated in the ad which was wrong."

The action of the court in excluding the question and the answer thereto is the error complained of for reversal. We overrule the defendant's contention.

At the conclusion of the trial, defendant requested the Trial Court to file findings of fact and conclusions of law. The Trial Court thereupon filed extensive findings of fact and conclusions of law which amply support the judgment of the court. Among other things, the court found that the defendant accepted the benefits of "such services and goods subsequent to his receipt of the statement of charges, and by his refusal upon demand to return the artwork to Plaintiff, and his subsequent acceptance of benefits constituted an agreement to pay such charges", and that, as a matter of law, defendant was estopped to contest the reasonable charges. The court further found as a matter of fact that all of the charges made by the plaintiff on all of the various items were reasonable.

As was pointed out above, the record is before us without a complete statement of facts. The appellant did not challenge or except to the judgment as being unsupported by the evidence. Under this state of the

record, it is impossible for us to know whether the excluded evidence was cumulative of other evidence which was admitted or whether the exclusion of such evidence was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

■ It is incumbent upon appellant to show that the exclusion of evidence was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Texas Rules of Civil Procedure, rule 434. He had the burden of showing that the exclusion of such evidence was error and probably resulted to his prejudice. If he brings a record which shows the proceedings only in part, every reasonable presumption will be indulged in favor of the court's ruling, and the cause will not be reversed unless it appears that upon no possible state of the case could the ruling be upheld. In order to justify a reversal on an incomplete statement of facts on the ground that the Trial Court erred in excluding testimony, the Appellate Court should ordinarily be able to see not only that the Trial Court erred, but that with reasonable certainty such ruling produced a substantial injury to the complaining party. Daniel v. Daniel, Tex.Civ.App., 128 S.W. 469, writ ref.; Torrey v. Cameron, 74 Tex. 187, 11 S.W. 1088; Texas Power & Light Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191; Robinson v. Howard County, Tex.Civ.App., 287 S.W.2d 234; J. B. Chadwick v. Glens Falls Insurance Company, Tex.Civ.App., 340 S.W.2d 501; Gordon v. Aetna Casualty & Surety Company, Tex.Civ.App., 351 S.W.2d 602, error ref.

■ We might add that, in our judgment, the question as framed, as well as the answer of the witness thereto, was wholly immaterial because same did not inquire of the reasonable value of such goods and services but merely asked what practice the witness would have followed in the conduct of his business under similar circumstances.

The judgment of the Trial Court is affirmed.