Peggy Joyce DENISON, Appellant,

v.

James Dickey DENISON, Appellee.

No. 14595.

Court of Civil Appeals of Texas.

Houston.

June 10, 1965.

Rehearing Denied July 8, 1965.

Fred R. Harmon and Herman D. Voorhees, Houston, for appellant.

N. Wyatt Collier, Houston, for appellee.

WERLEIN, Justice.

This is an appeal by appellant, Peggy Joyce Denison, from a judgment rendered by the court at the conclusion of a trial without a jury, granting appellee a divorce and decreeing a division of the property of the parties.

Appellant contends that the trial court erred because appellee failed to establish by full and satisfactory evidence the existence of any alleged grounds of divorce or that she committed any act rendering further living together insupportable, and also because appellee condoned any alleged misconduct on her part, and such alleged misconduct was provoked by appellee's misconduct with another woman. Appellant further asserts that the court abused its discretion in decreeing an unfair, unjust and inequitable division of the property of the parties.

■ We are met at the outset with appellee's contention that the case is before us without a complete statement of facts and hence there is no way to determine whether the evidence as a whole is full and satisfactory and such as would support the judgment of the trial court. The law is well settled that where there is only a partial statement of facts, all reasonable presumptions will be indulged in favor of the judgment of the trial court and the sufficiency of the evidence to sustain it. Armstrong v. West Texas Rig Company, Tex. Civ.App., 339 S.W.2d 69, writ ref., n.r.e.; Boyd v. Robinson, Texas Civ.App., 304 S. W.2d 430; Locke v. J. H. Marks Trucking Co., Tex.Civ.App., 318 S.W.2d 1; Baker v. Rutherford, 293 S.W.2d 669, writ ref., n.r.e.; Klimist v. Bearden, Tex.Civ.App., 374 S.W.2d 783, 784.

■ In the instant case the official court reporter was not called to report until after some evidence had been adduced. He has certified that the 166 pages of typewritten matter and attached exhibits contain a true and correct statement of the evidence adduced and facts proven upon the trial, except for the portion that was heard before he was called to report. Counsel for both parties have agreed that the statement of facts is incomplete and reflects only the testimony adduced after the court reporter was called. The court was not requested to make findings of fact and conclusions of law and did not do so. Appellant did not prepare a supplemental statement of facts covering the omitted testimony and request counsel to agree thereto or request the court to prepare a statement covering such evidence. Rules 377, 428 and 429, Texas Rules of Civil Procedure.

When during argument before this Court the attention of counsel for appellant was directed to the fact that the statement of facts was incomplete, counsel requested that he be given time to obtain, if possible, a supplemental statement of facts covering the testimony from the beginning of the trial until the reporter was called. The request was granted. Thereafter, said counsel filed in this Court an instrument which he denominated "Motion of Appellant" and in which he advised this Court that he had prepared such supplemental statement of facts but that counsel of appellee would not agree thereto, and that the trial judge before whom the matter was presented said he had no independent recollection of the exact testimony which was heard before the reporter was called. The judge thereupon, at request of appellant's counsel, endorsed on said supplemental statement of facts, "Court refused this 7th day of June, 1965 to approve the above statement of facts."

Is is impossible for this Court under these circumstances to determine what evidence was given at the trial prior to the time the reporter was called. All reasonable presumptions, therefore, must be indulged in favor of the judgment of the trial court and that such judgment was rendered upon full and satisfactory evidence, as required by Article 4632, Vernon's Annotated Texas Civil Statutes.

Judgment affirmed.