**Rubin DANZIGER et ux., Appellants,**

v.

**Joseph BRANDES, Appellees.**

**No. 17491.**

Court of Civil Appeals of Texas, Dallas.

June 19, 1970.

Rehearing Denied July 17, 1970.

Jay S. Fichtner, Berman, Fichtner & Mitchell, Dallas, for appellants.

Royal H. Brin, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellees.

DIXON, Chief Justice.

This suit was originally brought by appellants Rubin Danziger and wife Ala Danziger against appellee Joseph Brandes and another defendant, Selma Farmer Ruth. Appellants sued for personal injuries alleged to have been sustained by Ala Danziger in two successive automobile collisions several months apart. The first collision, which occurred November 13, 1966, involved appellee Brandes. The second collision, which occurred March 6, 1967, involved Selma Farmer Ruth.

Appellee Brandes filed a motion to sever the causes of action. The motion was sustained. This appeal involves only a judgment in favor of Brandes that appellants take nothing against him.

A jury found from a preponderance of the evidence that appellee Brandes failed to keep a proper lookout, which failure

was a proximate cause of the accident. But the jury answered "No" in response to an issue as to whether Ala Danziger suffered an injury at the time and on the occasion in question; answered "No" as to whether appellee failed properly to apply his brakes; and answered "None" to each of two damage issues.

Only a partial statement of facts is in the record before us. The evidence before us consists of the testimony of Ala Danziger herself and the answers of Dr. Wolfram to written interrogatories. Also a number of exhibits are included. It is undisputed that Ala Danziger has a long history of illness and has had a number of accidents prior to that involved in this appeal. She has experienced great nervousness, perhaps stemming from her experiences in a German concentration camp during World War II. Also she had recently undergone surgery.

In their first point of error appellants say that the trial court abused its discretion when it denied them the right to present the testimony of Dr. Edward M. Krusen.

Dr. Julius Wolfram, appellants' family doctor, treated Ala Danziger the day following the accident. He subsequently referred her to Dr. Krusen at Baylor Hospital, where a nurse applied heat and gave massage treatments to her arm and neck. Later Dr. Krusen referred her to Dr. Charles Wilson, who she says is a brain surgeon. She also had the services of Dr. A. D. Sears and other physicians.

At 4:30 o'clock on the afternoon of the first day of the trial an adjournment was taken until 9:00 o'clock the next morning. Appellants' attorney and the court are not in agreement as to the reason for the adjournment at that time. In any event the trial was resumed the next morning with Ala Danziger on the stand. Hospital records and medical statements were introduced. Defendant rested his case soon after 10:00 o'clock. Appellants' attorney then asked the court for a recess until 11:00

o'clock. He stated that he had communicated with Dr. Krusen the night before and the doctor had promised to appear at 11:00 to testify. Dr. Krusen had not been subpoenaed. The court refused to grant the request for a recess and proceeded to hear objections to the charge, which had already been prepared. Ten or fifteen minutes before 11:00 o'clock the court read the charge to the jury and the arguments of attorneys to the jury then began. The record does not show whether Dr. Krusen appeared at 11:00. Neither Dr. Wolfram nor Dr. Wilson nor Dr. Sears was called as a witness.

■■■ A trial court has broad discretionary power to grant or refuse to grant a recess to await the arrival of a witness. Its refusal to do so constitutes reversible error only when there is an abuse of discretion. In this case we cannot say that there was an abuse of discretion. Further, if the court's refusal was error, it was harmless error. Rule 434, Vernon's Texas Rules of Civil Procedure.

We have reached the above conclusions for these reasons:

1. There is no showing that Dr. Krusen actually did arrive in court at 11:00 o'clock, or at any other time.

2. There is only a partial statement of facts in the record. Therefore it is impossible for us to determine whether the error of the court, if it was error, was calculated to cause and probably did cause the rendition of an improper verdict. Barrios v. Davis, 415 S.W.2d 714, 716 (Tex.Civ.App., Houston 1967, no writ); Klimist v. Bearden, 374 S.W.2d 783 (Tex.Civ.App., Tyler 1964, no writ); Wright v. Mack Motor Truck Corp., 336 S.W.2d 831 (Tex.Civ. App., Houston 1960, no writ).

3. Dr. Krusen did not see or treat Mrs. Danziger until January 13, 1967. His report, dated January 18, 1967, to Dr. Wolfram, appellants' family doctor, is in the record as part of Dr. Wolfram's deposition. It was introduced in evidence, so

was before the jury. In his report Dr. Krusen said, "This patient, I gather, was injured in a rear-end auto collision December 9 or 11, 1966." He also described the ailments of Mrs. Danziger. Thus the jury really had the benefit of Dr. Krusen's opinion and diagnosis.

4. Dr. Krusen was not subpoenaed. He was not even contacted until the night before he was supposed to come to court at 11:00 o'clock A.M. Under the circumstances appellants ran the risk of being put to trial without Dr. Krusen's testimony. Fritsch v. J. M. English Truck Line, 151 Tex. 168, 246 S.W.2d 856 (1952). We are aware that there are cases holding that under some circumstances a litigant is entitled to rely on the promise of a witness to appear in court though no subpoena was issued for said witness. But we do not believe the circumstances in the present case come within the holdings of such cases.

5. There is no proper bill of exceptions in the record showing what the testimony of Dr. Krusen would have been.

6. Appellants have not presented a point of error that the evidence was insufficient to support the jury's findings that Ala Danziger was not injured in the collision of November 13, 1966, or that she suffered no damages therefrom.

We overrule appellants' first point.[1]

■ In their second point of error appellants assert that the court erred in denying their motion to withdraw their an-

nouncement of ready and their motion to declare a mistrial following the court's comments before the jury in denying time to present testimony of Dr. Krusen.

In denying appellants permission to withdraw their announcement of ready and in overruling their motion for mistrial the court did not abuse its discretion. Appellants had made an unqualified announcement of ready for trial. The reasons given in our discussion of appellants' first point of error are also applicable here. Appellants' second point of error is overruled.

■ In their third point appellants complain that the trial court's comments before the jury in suppressing their rights to present objections and motions constituted a comment on the weight of the evidence.

We cannot sustain appellants' third point. On the morning of the second day of the trial appellee offered portions of Dr. Wolfram's records from his deposition. Counsel for appellants requested a short recess to discuss the report with his clients. The court granted the request with the admonition to "Hurry back, now. We have to move on." The report, by a psychiatrist, referred to Ala Danziger's mental and emotional problems, due probably to her experiences during World War II while in a German concentration camp. Her counsel wished to prepare her to hear the report read to the jury. The report had been introduced in evidence without

---

1. Attached to appellants' motion for new trial were the affidavits of two jurors. One juror stated that it was found significant that Dr. Krusen had not treated Mrs. Danziger until January 1967 and that the jury discussed the failure of appellants to produce a doctor to testify that in his opinion Mrs. Danziger had sustained an injury on November 13, 1966. This juror stated further that "If a doctor had testified that the collision of November 13, 1966 had produced an injury to Mrs. Danziger, my answer to Special Issue No. 1 *might have been* 'Yes,' rather than 'No.' " (Emphasis ours.)

The affidavit of the other juror was substantially the same as above.

The court refused to hear the jurors testify in support of their affidavits on the ground that such testimony would not be pertinent.

It was not error for the court to refuse to hear such testimony since it would merely involve the mental process of the jurors—that is, what their mental processes might have been under different circumstances. See Putman v. Lazarus, 156 Tex. 154, 293 S.W.2d 493 (1956) and cases there cited.

objection the day before during the first day of the trial.

Evidently the court felt that appellants and their attorney were taking too long a time to confer about the report. He ordered the report read to the jury. Very soon after appellee's counsel began reading the report appellants and their counsel reappeared. Appellants' counsel requested another recess. The court denied the request. It was then that appellants' counsel made a motion for leave to withdraw his announcement of ready and also a motion for a mistrial and stated he wanted "to make some motions." The court in effect overruled appellants' motions.

An argument then ensued between appellants' counsel and the court. Counsel continued to argue notwithstanding the court's orders for him to desist. Appellants' counsel did not sit down, but continued to argue. The court again ordered him to sit down. He still did not sit down. Then the court ordered the bailiff to require counsel to be seated. The bailiff then ordered counsel to be seated. Thereupon counsel resumed his seat.

Again we must hold that if the comments of the court constitute error (we do not so hold) they must be held to be harmless under Rule 434, T.R.C.P. The burden was on appellants to show that the error, if it was error, was calculated to cause the rendition of an improper verdict. Trinity Universal Ins. Co. v. Jolly, 307 S.W.2d 843, 848 (Tex.Civ.App., Austin 1957, writ ref'd n. r. e.); Pirrung v. T. & N. O. Railroad Co., 350 S.W.2d 50 (Tex.Civ.App., Houston 1961, no writ). See also these cases from other jurisdictions: Williamson v. St. Louis Public Service Co., 363 Mo. 508, 252 S.W.2d 295, 302 (1952); Herdler v. Buck's Stove & Range Co., 136 Mo. 3, 37 S. W. 115 (1896); Costello v. Hayes, 249 Mass. 349, 144 N.E. 368 (1924); Daudel v. Wolf, 30 S.D. 409, 138 N.W. 814 (1912). Appellants' third point is overruled.

◼ In their fourth point appellants allege error of the trial court in directing counsel for appellee to present evidence to the jury when appellants and their attorney were not in the courtroom. Appellants here have reference to the court's directing appellee's counsel to begin the reading of the report of a psychiatrist, which report was a part of Dr. Wolfram's deposition. The report had already been introduced in evidence without objection. Appellants knew the report was going to be read to the jury and made no objection then or later. The purpose of the short recess was merely to prepare Ala Danziger, a very nervous person, for the reading of the report to the jury. Appellants were back in the courtroom by the time the reading of the second paragraph of a lengthy report had been completed.

We think the situation presents an irregularity in orderly procedure but again we are compelled to hold that it did not amount to such a denial of the rights of appellants as was reasonably calculated to cause and probably did cause the rendition of an improper verdict of judgment in the case.

Appellants cite Stefanov v. Ceips, 395 S.W.2d 663 (Tex.Civ.App., Amarillo 1965, no writ) and Cooper v. Argonaut Ins. Co., 430 S.W.2d 35, 41 (Tex.Civ.App., Dallas 1968, writ ref'd n. r. e.).

Neither of the above cases is in point here. In *Stefanov* the plaintiff Stefanov was compelled to go to trial without any attorney at all. Stefanov's attorney had been granted leave to withdraw as his attorney. Immediately thereafter the court put Stefanov to trial without giving him time or opportunity to engage the services of other counsel.

In *Cooper* in the course of the argument of appellee's counsel to the jury appellant's counsel objected four or five times. In each instance the objection was sustained. Appellant's counsel objected to the next argument made by appellee's counsel. Before the court could rule on the objection counsel for appellee importuned the court to protect him from interruption by appel-

lant's counsel. Whereupon the court ordered appellant's counsel not "[to] object any more, * * * unless it is necessary, we would be delayed too long here with our argument." This denial of the right of counsel to object was held to be error. The circumstances in *Cooper* and the instant case are not analogous. Appellants' fourth point is overruled.

The judgment of the trial court is affirmed.