Ledor COLEMAN, Appellant,

v.

PACIFIC EMPLOYERS INSURANCE COMPANY, Appellee.

No. 655.

Court of Civil Appeals of Texas, Tyler.

Aug. 3, 1972.

Rehearing Denied Aug. 31, 1972.

Stephenson & Thompson, Ward Stephenson, Orange, for appellant.

Mehaffy, Weber, Keith & Gonsoulin, James W. Mehaffy, Jr., Beaumont, of counsel, for appellee.

DUNAGAN, Chief Justice.

This is a workman's compensation case in which trial was to a jury, which decided in response to special issues that the plaintiff-appellant had sustained both a specific and a general injury. The jury further found that the specific injury produced a loss of use of the plaintiff's arm and the general injury produced a period of total incapacity. The appellant, plaintiff below, appeals from a judgment based upon this verdict.

Appellant in his brief states: "During the trial of the case while the plaintiff was on the witness stand, he was asked by his attorney about the depression, nightmares and despondency which he suffers. Objection was made to this by counsel for the insurance carrier, the objection being to the effect that since Dr. Caskey, a medical witness, had testified that he did not know where the despondency came from that the plaintiff himself could not give testimony bearing on this subject."

Appellant by his sole point of error complains of the trial court's action in refusing to allow the appellant to give the testimony above set out. He brings this case before this court upon an abbreviated or partial statement of facts.

The record consists only of the transcript, a partial statement of facts which includes only the testimony of appellant's witness, Dr. Caskey, and appellant's bill of exception. The bill of exception contains questions propounded to the appellant by his attorney and answers thereto concerning his depression, nightmares and despondency since the date of the injury upon which this lawsuit is founded. But nowhere therein does it show any objection was made to the offer of this testimony and consequently no ruling of the court concerning the admission of said testimony.

■ It was appellant's burden to support his claim of error with a bill of exception which clearly and accurately reflected the circumstances and rulings complained of. 4 Tex.Jur.2d 39, sec. 507 and Layne Glass Company v. Parker, 340 S.W.2d 363 (Tex. Civ.App., Ft. Worth, 1960, n.w.h.).

■ The brief for appellant contained no reference as to where the objection and adverse ruling may be found. Nowhere does the record show that any objection was made to the testimony in question or any such objection was sustained by the trial court; therefore, in that posture appellant's single point of error has not been properly preserved for review and appears to have been waived. 3 Tex.Jur.2d 675, sec. 419; Turner v. Turner, 384 S.W.2d 195, 200 (Tex.Civ.App., Tyler, 1964, n.w.h.); Reid v. Nortex Construction Company, 366 S.W.2d 870, 873 (Tex.Civ.App., Dallas, 1963, writ ref., n.r.e.); Haskell Independent School Dist. v. Ferguson, 178 S.W.2d 130, 132 (Tex.Civ.App., Eastland, 1944, writ ref., w.o.m.); Rule 372(a), Texas Rules of Civil Procedure.

Moreover, appellee contends (1) the trial court did not err in refusing to allow the appellant to give to the jury the evidence in question because his own medical witness testified that it was impossible to tell what the producing cause of such despondency was and (2) that any error of the trial court in refusing to admit this testimony of appellant was harmless and not reasonably calculated to cause a rendition of an improper judgment under Rule 434, T.R.C.P., because this case is presented only on a partial statement of facts; therefore, it is impossible for appellant to show that any error in evidentiary rulings was prejudicial and for the further reason that the court permitted appellant's own medical witness, Dr. Caskey, to testify as to appellant's depression and despondency and thus the rejected testimony of appellant would be repetitious.

■ Appellee in its brief states: "At the outset, and pursuant to the provisions of Rule 419, Texas Rules of Civil Procedure, the appellee states that it does not accept any statement contained in Appellant's Brief as being true and correct, or supported by the records, and it moreover affirmatively states that the Statement of Facts herein is incomplete and partial, and there was other testimony at the trial of the cause which might or could have a bearing upon this case." In view of this statement, we are not, therefore, able to give effect to Rule 419, T.R.C.P.

■ Appellant argues that regardless of what other testimony there might have been in the trial of this case, that under the law he was still entitled to give the rejected testimony to the jury and that error was committed by the refusal of the court to admit such testimony. Be that as it may, in the absence of a complete statement of facts, the question to be decided by us, however, is not whether the trial court committed error, but whether such error, if such there was, was harmful, and was calculated to cause and probably did cause the rendition of an improper judgment. Danziger v. Brandes, 457 S.W.2d 146 (Tex.Civ.App., Dallas, 1970, writ ref., n.r.e.); Barrios v. Davis, 415 S.W.2d 714 (Tex.Civ.App., Houston, 1967, n.w.h.) and cited cases; Klimist v. Bearden, 374 S.W.2d 783 (Tex.Civ.App., Tyler, 1964, n.w.h.); Duin v. King, 317 S.W.2d 236 (Tex.Civ. App., San Antonio, 1958, n.w.h.).

■■ If the trial court did commit error, as is contended, it is appellant's additional burden to show that such error was harmful before the judgment of the trial court may be reversed. An appellate court is not authorized to reverse merely because the record discloses some error reasonably calculated to cause the miscarriage of justice, but the party appealing must also show that it probably did cause the rendition of an improper verdict or judgment. Rule 434, Texas Rules of Civil Procedure; Klimist v. Bearden, supra; Dennis v. Hulse, 362 S.W.2d 308 (Tex.Sup., 1962); Gordon v. Aetna Casualty & Surety Com-

pany, 351 S.W.2d 602 (Tex.Civ.App., Eastland, 1961, writ ref.).

██ It was appellant's duty to bring forward a complete record of the evidence before the trial court. This he failed to do. Thrasher v. Hensarling, 406 S.W.2d 515 (Tex.Civ.App., Waco, 1966, n.w.h.); Baker v. Rutherford, 293 S.W.2d 69, 672 (Tex.Civ.App., Waco, 1956, writ ref., n.r. e.). An appeal on record which was insufficient to show that exclusion of evidence was reversible error must be treated as an appeal without statement of facts. Gordon v. Aetna Casualty & Surety Company, supra. Since the case is before us without a complete statement of facts, which we must treat as an appeal without a statement of facts, it is impossible for this court to determine that the error of the court, if any, was harmful, and was calculated to cause and probably did cause the rendition of an improper verdict or judgment; therefore, the judgment should not be reversed. Barrios v. Davis, supra.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

██ Appellant has filed a Motion for Rehearing in which he suggests that if this court does not believe that a sufficient part of the Statement of Facts or Transcript is before us that we are required under the Texas Rules of Civil Procedure to direct the party or parties to produce that part of the record we think might be helpful in reaching a decision. He cites only Rule 428, T.R.C.P. Appellant seeks to have this court grant his Motion for Rehearing and requests for the first time that he be allowed at this late date to file the entire Statement of Facts and Transcript from the trial court.

The record shows that the transcript in this cause was filed in the Ninth Court of Civil Appeals in Beaumont, Texas on January 3, 1972. A partial and an amended partial Statement of Facts were filed in said court on May 15, 1972. Brief of appellant was filed with the clerk of the Beaumont Court of Civil Appeals on January 12, 1972, and appellee filed its brief in said court on February 14, 1972. Appellee in its brief by its counterpoint two points out there was only a partial Statement of Facts and made the contention therein that without a complete Statement of Facts it was impossible for the appellant to discharge his burden of showing that any error, if there be such, was reasonably calculated to cause the rendition of an improper judgment. We take note that appellee in its brief also stated that "the record does not purport to be a complete transcript of the proceedings in the Trial Court. * * * Defendant-Appellee does not accept this as a complete Statement of Facts, and now says that the record does not show all the testimony bearing upon the issues in this appeal."

The record also shows that this cause was submitted to and oral arguments heard by the Beaumont Court on April 6, 1972. Thereafter, this cause was transferred to this court because (as we were informed on oral argument) one Justice disqualified himself and the remaining two Justices could not agree on a decision.

██ In that portion of Rule 428, T.R.C.P., which provides "[i]f anything material to either party is omitted from the transcript or statement of facts * * * the appellate court, * * * on its own initiative, may direct a supplemental record to be certified and transmitted by the clerk of the trial court supplying such omitted matter." Rule 428 was not, in our opinion, intended to place the burden upon the appellate court to secure the supplemental transmission of material omitted from the record solely in order to perfect the appellant's appeal or to demonstrate that errors complained of have been properly preserved for review. The burden still remains on appellant to bring forward sufficient record to have his appeal considered on its merits. It is appellant's duty to present a record showing error and the harmful effect thereof, if any. This duty rests neither with the appellee nor the appellate court. Wright v. Mack Motor Truck Corporation, 336 S.W.2d 831 (Tex.

Civ.App., Houston, 1960, n.w.h.) The purpose of the provision of Rule 428 above quoted, rather is applicable when and if the appellant brings forward a record full or sufficient enough for his appeal to be considered and disposed of on the merits, but the appellate court feels it needs additional portions of the record that have been omitted and which are material to a thorough and accurate disposition of the matter presented. It is not the purpose of said provision to relieve the appellant of his burden to bring up a sufficient record to have his appeal considered on its merits and to reflect any error and the harmful effect thereof, if any, or request that such record be ordered transmitted to the appellate court as provided for in said rule.

However, it is too late at this stage of the proceedings to have the omitted matter prepared and transmitted to this court. Wright v. Mack Motor Truck Corporation, supra.

We have carefully reviewed our original decision in this cause and, believing that we correctly disposed of this appeal, we respectfully overrule appellant's Motion for Rehearing.