James B. PREVOST, Individually and James
B. Prevost, Inc., Appellants,

v.

L. E. VAUGHN, Appellee.

No. 17397.

Court of Civil Appeals of Texas,
Fort Worth.

March 23, 1973.

Norman Darwin, Fort Worth, for appellants.

Morgan, Gambill & Owen, and Judge Gambill, Fort Worth, for appellee.

OPINION

LANGDON, Justice.

This case was filed on August 26, 1970. On January 24, 1972, approximately one year and five months after the case was filed, a First Amended Original Petition was filed. Plaintiffs went to trial on a Second Amended Original Petition which was filed June 19, 1972. Plaintiffs alleged that James B. Prevost, Inc., bought a candy business known as Lee's Country Candies from defendant, and that the purchase was induced by fraudulent representation on the part of the defendant. Defendant denied that there was any fraud and pleaded the two year statute of limitation. Defendant also filed a cross-action to clear the title in him to the candy business, alleging that the contract gave defendant the right to cancel it in the event of default by the purchaser, that such default had occurred, and that the contract had been canceled. Defendant also set up an alternative pleading to allege that if he did not have good title to the candy business by reason of such cancellation, that he had a mortgage or security interest in it that should be foreclosed.

Since it appeared that the charter of the corporation James B. Prevost, Inc., had been forfeited for failure to pay franchise taxes, the defendant also made parties in the cross-action certain individuals who had owned stock in the corporation and asserted the cross-action against the stockholders as a class as well as against the corporation. It developed later that the charter had been reinstated and the cross-action was dismissed as to the individual stockholders (but not as to the corporation).

The case came on for trial before the court without a jury on June 26, 1972, and resulted in a judgment that the plaintiffs James B. Prevost, Inc., a corporation, and

James B. Prevost, individually, take nothing and that title to the candy business was in the defendant. The judgment also canceled an employment contract that had been executed in connection with the sale contract.

This appeal is from that judgment based upon three points of error.

■ The record before this court does not contain a statement of facts nor does it contain an agreed statement as is envisioned by Rule 378, Tex.Rules of Civ.Proc. The appellants on appeal have the burden of showing error on the part of the trial court and that such error was harmful to the appellants. Englander Co. v. Kennedy, 428 S.W.2d 806 (Tex.Sup., 1968); Community Savings & Loan Association of Fredericksburg v. Citizens National Bank of Waco, 484 S.W.2d 116 (Waco Civ.App., 1972, writ dism.).

In 3 Tex.Jur.2d, p. 646, § 392, it is said that, "It is presumed that the judgment, orders, and rulings of the trial court are correct. Hence, in order to secure a reversal, the appellant must bring up a record that affirmatively shows the commission of an error that was calculated to injure him.

"The burden is on the appellant to present a record sufficiently complete to show clearly the action of the court and the error of which he complains. If he brings up a record that shows only a portion of the proceedings, every reasonable presumption will be indulged in favor of the ruling below, and a reversal will not be ordered unless it appears that on no possible state of the case could the ruling be upheld." See authorities under this Section.

3 Tex.Jur.2d, p. 697, § 449, states that, "In the absence of a statement of facts, appellate review is limited to errors apparent on the face of the pleadings, the verdict, the findings, if any, the judgment, and the bills of exception. It has been held that when there are no bills of exception and no exception to the judgment, or when neither a statement of facts nor findings of fact are brought up with the record, the only questions open to consideration are whether the pleadings support the judgment or whether the judgment is contrary to the verdict."

■ We find and hold that there is no error apparent on the face of the judgment or elsewhere in the record before this Court. Since the appellants, in our opinion, have failed to show any error on the part of the trial judge and that such error, if any, was harmful we overrule all points of error and affirm the judgment of the trial court.