In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00080-CR


______________________________




RICHARD ODELL MARTIN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 196th Judicial District Court


Hunt County, Texas


Trial Court No. 22,837




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 A jury found Richard Odell Martin guilty of two counts of injury to a child by sexual contact
and one count of sexual assault of a child. (1) The jury assessed Martin's punishment at ten years'
imprisonment for the indecency charges and twenty years' imprisonment for the sexual assault
charge. Martin now appeals, raising four claims of ineffective assistance of counsel. We overrule
each claim and affirm the trial court's judgment.

I. Standard of Review

 The standard of testing claims of ineffective assistance of counsel is set out in Strickland v.
Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional claims in Hernandez v. State,
726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on this claim, an appellant must first prove
by a preponderance of the evidence (1) that his or her counsel's representation fell below an objective
standard of reasonableness and (2) that the deficient performance prejudiced the defense. Strickland,
466 U.S. 668; Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden,
the appellant must prove that the trial attorney's representation fell below the standard of prevailing
professional norms and that there is a reasonable probability that, but for the attorney's deficiency,
the result of the trial would have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000). Under this standard, a claimant must demonstrate that counsel's representation so
undermined the proper functioning of the adversarial process that the trial cannot be relied on as
having produced a just result. Strickland, 466 U.S. at 686. 

 Our review of counsel's representation is highly deferential, and we indulge a strong
presumption that counsel's conduct falls within a wide range of reasonable representation. Id. at 689;
Tong, 25 S.W.3d at 712. This Court will not employ the benefit of hindsight to second-guess the
strategy of trial counsel, nor will the fact that a different attorney might have pursued a different
course support a finding of ineffectiveness. See Blott v. State, 588 S.W.2d 588, 592 (Tex. Crim.
App. 1979). The fact that another attorney (including appellant's counsel on appeal) might have
pursued a different tack in defending a case will not support a finding of ineffectiveness. See Harner
v. State, 997 S.W.2d 695, 704 (Tex. App.--Texarkana 1999, no pet.). Any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

 When ineffective assistance is raised on direct appeal, appellate counsel and the reviewing
court must proceed on a trial record not developed for the object of litigating or preserving the
claim--and thus the record is often incomplete or inadequate for this purpose. Freeman v. State, 125
S.W.3d 505, 506 (Tex. Crim. App. 2003). 

II. Martin's Claims

 Martin asserts his trial counsel was ineffective for four reasons: First, his trial counsel did
not present a jury argument during the punishment stage of the proceedings. Second, his trial
counsel did not object to the admission of a videotape showing Martin taking a polygraph
examination. Third, his trial counsel did not object to the admission of a videotape in which Martin
is seen attached to a polygraph machine. And fourth, Martin's trial counsel did not call a community
supervision officer to testify during the punishment phase about the terms, conditions, and programs
available if Martin were placed on community supervision. 

 A. No Closing Argument

 It is the custom in Texas during the punishment phase of a criminal trial to permit the State
to make an opening summation, followed by the accused's punishment argument, then a rebuttal
from the State. See generally Tex. Code Crim. Proc. Ann. arts. 36.07, 36.08 (Vernon 1981). In
this case, after both sides had rested and the trial court had read its punishment charge to the jury,
the State gave a brief opening summation regarding punishment that comprises three pages of the
appellate record. Martin's trial counsel thereafter waived his right to present a closing argument. 
Because Martin's counsel presented no argument, the State did not have the right to present any
rebuttal. Martin asserts that it is this waiver of a summation on punishment which constitutes
ineffective assistance.

 "It is the trial strategy of some attorneys to waive final argument in an attempt to cut off the
State's rebuttal. There is a strong presumption that this strategy was an exercise of reasonable
professional judgment." Salinas v. State, 773 S.W.3d 779, 783 (Tex. App.--San Antonio 1989, pet.
ref'd). Trial counsel's waiver of final argument in the case now on appeal could have been a tactical
decision to prevent the State from making a much longer rebuttal argument. We cannot say such a
decision is outside the wide range of professional norms. No ineffective assistance has been shown.

 B. The Videotape

 In his second and third issues, Martin asserts his counsel provided ineffective assistance by
failing to object to the admission of a videotape showing him attached to a polygraph machine. This
videotape also shows Martin being asked what he thought should happen to someone who sexually
assaulted a minor, to which Martin responded that such a person should be "severely punished . . .
probably the maximum." Martin's brief on appeal makes no effort to demonstrate that this videotape
was inadmissible under the Rules of Evidence or that (if admissible) the videotape's probative value
was nonetheless substantially outweighed by its prejudicial impact (thereby precluding its admission
under Tex. R. Evid. 403). Nor does Martin's appellate brief attempt to demonstrate that, but for the
admission of this videotape, the outcome of Martin's trial would have been different. As such,
Martin has demonstrated neither that counsel provided deficient performance on either of these
alleged bases, nor that counsel's alleged errors prejudiced Martin's defense, as required under
Strickland. As such, these claims have been inadequately briefed. Accord Peake v. State, 133
S.W.3d 332, 334 (Tex. App.--Amarillo 2004, no pet.).

 C. Failure to Call a Community Supervision Officer to Testify About Community
Supervision


 Finally, Martin claims trial counsel provided constitutionally deficient assistance because he
failed to call a community supervision officer to testify regarding the possible terms and conditions
of community supervision. Martin contends such testimony might have resulted in the jury giving
a lesser punishment. Martin's appellate brief makes no effort to demonstrate how testimony from
an employee of the local community supervision and corrections department would have aided his
case, nor has Martin made any effort to demonstrate how the absence of such testimony made the
State's case for punishment more persuasive. At best, Martin's argument is speculative, rather than
being firmly rooted in the record, as required. See, e.g., Ex parte Gray, 126 S.W.3d 565, 568-69
(Tex. App.--Texarkana 2003, pet. dism'd, untimely filed); Hernandez v. State, 84 S.W.3d 26, 35
(Tex. App.--Texarkana 2002, pet. ref'd). As such, this issue has also been inadequately briefed. See
Gray, 126 S.W.3d at 568-69.

III. Conclusion

 For the reasons stated, we overrule each claim of ineffective assistance of counsel and affirm
the trial court's judgment.


 

 Bailey C. Moseley

 Justice


Date Submitted: November 13, 2006

Date Decided: January 9, 2007


Do Not Publish
1. The jury also found Martin not guilty of another charge of sexual assault. 



on pleadings that included Milacron Inc. in the style of the case, failed to
answer amended petitions containing both Milacron Marketing Company and Milacron Inc.,
prepared a special appearance and affidavit immediately prior to or at trial, and decided to spring the
special appearance upon the court and the parties at the last minute. Although this could be
attributed to error on the part of the defendants, it smacks more of procedural gamesmanship,
conduct we cannot condone.

 We affirm the judgment of the trial court.




 Bailey C. Moseley

 Justice


Date Submitted: August 13, 2008

Date Decided: August 27, 2008


1. For the first time on appeal, Milacron Inc. argues that Performance brought suit against
"Milacron, Inc., an entity that does not exist" (pointing out that the true name of the corporation does
not contain a comma). Since no special exception was filed to point out to the trial court the
existence of the superfluous comma, we reject Milacron Inc.'s argument that suit was improperly
brought against it. 
2. The burden was on Milacron Inc. to present a sufficiently complete record that clearly
demonstrated the error of which it complained. Since Milacron Inc. did not request a reporter's
record and the Court only has a partial record before it (the portion filed by Performance), every
reasonable presumption will be indulged in favor of the trial court's ruling. See Tex. R. App. P.
38(h); Arredondo v. Rodriguez, 198 S.W.3d 236, 239 (Tex. App.--San Antonio 2006, no pet.);
Cooper v. Bowser, 610 S.W.2d 825, 828 (Tex. Civ. App.--Tyler 1980, no writ); Meyer v. Worden,
530 S.W.2d 904, 906 (Tex. Civ. App.--Houston [1st Dist.] 1975, writ ref'd n.r.e.); Coleman v. Pac.
Employers Ins. Co., 484 S.W.2d 449, 454 (Tex. Civ. App.--Tyler 1972, writ ref'd n.r.e.) (op. on
reh'g); Wright v. Mack Motor Truck Corp., 336 S.W.2d 831, 833 (Tex. Civ. App.--Houston 1960,
no writ).