# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00449-CV

**Ashley N. Preslar, Appellant**

**v.**

**Miguel A. Garcia, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
NO. C-1-CV-09-011566, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING**

## C O N C U R R I N G   O P I N I O N

I join Justice Pemberton's opinion. I write separately solely to give additional emphasis to the two factors that are, for me, crucial to the outcome of this appeal.

Preliminarily, there is no question that the trial court here erred (it had no discretion in the matter) in failing to hold an oral hearing on Preslar's motion to reinstate. *See Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991); *Gulf Coast Inv. Corp. v. NASA 1 Bus. Cent.*, 754 S.W.2d 152, 153 (Tex. 1988) (per curiam denying writ); *Enriquez v. Livingston*, 400 S.W.3d 610, 620 (Tex. App.—Austin 2013, pet. denied). Nonetheless, Rule 44.1 of the Texas Rules of Appellate Procedure provides that

> *No judgment may be reversed on appeal* on the ground that the trial court made an
> error of law unless the court of appeals concludes that the error complained of:
>
> (1) probably caused the rendition of an improper judgment; or

> (2) probably prevented the appellant from properly presenting the case to the court of appeals.

Tex. R. App. P. 44.1(a) (emphasis added). The supreme court has stated unequivocally that this rule "applies to all errors." *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011); *Lorusso v. Members Mut. Ins. Co.*, 603 S.W.2d 818, 819-20 (Tex. 1980). Thus, it is mandatory that we conduct a harm analysis.

There are two factors present both in this case and in *Dueitt* that I believe are critical to our holding that the trial court's error was harmless: (1) the trial court actually held a pre-dismissal oral hearing on the motion to dismiss, and (2) on appeal, Preslar does not attempt to show—nor even argue—that the trial court's failure to hold an oral hearing on her motion to reinstate prevented her from presenting any argument or evidence that was not presented at the pre-dismissal oral hearing. *See Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 740-41 (Tex. App.—Waco 2005, pet. denied).

As to the first factor, this Court has held that an oral hearing is not required, either by rule or due process, before a case may be dismissed for want of prosecution. *Enriquez*, 400 S.W.3d at 617. An opportunity to respond at a meaningful time and in a meaningful manner is sufficient. *Id*. Thus, giving a party the opportunity to respond in writing to a motion to dismiss (without holding an oral hearing on the motion) will generally be enough to satisfy due process. *Id*. But when it comes to a motion to reinstate, the rules of civil procedure mandate that an oral hearing be held. Tex. R. Civ. P. 165a(3). By placing this requirement in the rules, the supreme court has effectively created an *elevated* due process standard for motions to reinstate: nothing short of an oral

2

hearing is sufficient. Thus, the amount of procedural due process that is required before a case may be dismissed for want of prosecution is actually *lower* than the amount of due process that is required before a motion to reinstate may be overruled. This is important in that a failure to hold an oral hearing on a motion to reinstate could not be shown to be harmless merely by showing that the lower *pre-dismissal standard* of due process was met before the case was dismissed. In my opinion, if a pre-dismissal oral hearing was not held, a subsequent failure to hold an oral hearing on a motion to reinstate would virtually always call for reversal. In the present case and in *Dueitt*, the trial court held a pre-dismissal oral hearing.

As to the second crucial factor, the appellant has the burden to show that any trial court error "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals." Tex. R. App. P. 44.1(a).

> If the trial court did commit error, as is contended, it is appellant's additional burden to show that such error was harmful before the judgment of the trial court may be reversed. An appellate court is not authorized to reverse merely because the record discloses some error reasonably calculated to cause the miscarriage of justice, but the party appealing must also show that it probably did cause the rendition of an improper verdict or judgment.

*Coleman v. Pacific Emp'rs Ins. Co.*, 484 S.W.2d 449, 452 (Tex. Civ. App.—Tyler 1972, writ ref'd n.r.e.); *see also Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 667 (Tex. 2009); *In re M.C.R.*, 55 S.W.3d 104, 107 (Tex. App.—San Antonio 2001, no pet.); *Lister v. Employers Reinsurance Corp.*, 590 S.W.2d 803, 806 (Tex. Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Prevost v. Vaughn*, 492 S.W.2d 597, 598 (Tex. Civ. App.—Fort Worth 1973, no writ).

3

In the present context, this burden would require, at a minimum, a showing that the trial court's failure to hold an oral hearing on the appellant's motion to reinstate prevented the appellant from presenting some argument or evidence beyond what was presented at the pre-dismissal hearing. In my opinion, the mere fact that a pre-dismissal oral hearing was held would not automatically show that the error of failing to hold an oral hearing on a motion to reinstate was harmless. At a pre-dismissal hearing, for example, the plaintiff could reasonably expect that there would be one last chance—at the motion to reinstate stage—to show that the suit had been prosecuted with diligence. As a result, a plaintiff might not feel the need to marshal all potentially relevant evidence and arguments for the pre-dismissal hearing.

Here, neither Preslar's motion to reinstate nor her brief on appeal advances any contention that she had additional evidence or arguments to present at a hearing on her motion to reinstate, much less does she actually attempt to present such evidence. Accordingly, I agree that she has not carried her burden of showing that the trial court's error probably caused the rendition of an improper judgment or prevented the appellant from properly presenting the case to the court of appeals.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed: February 26, 2014

4